## WHITNEY v. HARRIS.

No. 22804. Opinion Filed March 8, 1932.

Rehearing Denied May 17, 1932.

W. C. Wood, for plaintiff in error.

Barritt Galloway and Carver & Wilson, for defendant in error.

PER CURIAM. The defendant in error, V. V. Harris, brought action against E. W. Whitney to recover on two past-due promissory notes executed by the plaintiff in error and assigned to defendant in error, by filing verified petition, with copy of the notes attached, in the district court of Seminole county. Defendant filed unverified answer admitting the execution of the notes sued on, but denying that he agreed to pay interest and further pleading by way of set-off that plaintiff was indebted to the

defendant in a sum greater than that sued for, but without specifying any definite amount; alleging that a partnership existed, and praying that plaintiff's petition be denied, and for an accounting. Plaintiff filed a verified reply denying the affirmative matter set up in the answer. Jury was waived, and upon trial to the court, defendant objected to the introduction of the notes by the plaintiff on the grounds that "they were a series of notes and no tax had ever been paid on same as required by law." The objection was overruled and defendant excepted, and upon the introduction of the notes in evidence plaintiff rested, and defendant rested without offering evidence; whereupon, and on February 23, 1931, the court rendered judgment for the plaintiff on the two promissory notes for the aggregate sum of $10,354.50, with six per cent. interest from date and for costs. Motion for new trial was filed, and on March 8, 1931, the court entered its order overruling motion for new trial, and defendant perfected appeal to this court by filing petition in error and case-made on September 8, 1931.

Motion to dismiss the appeal on the grounds that it is frivolous and without merit was filed September 23, 1931, to which no response, objection, or answer has been made, although plaintiff in error has been granted two extensions of time in which to file response and which time has long since expired. As above noted, defendant admitted the execution of the notes sued on, and while setting up certain defense thereto in his answer offered no evidence in support thereof, nor did he attempt to dispute plaintiff's evidence at the trial. further than to object to its admission.

The record discloses that one of the notes was for $8,000, dated January 2, 1929, and due May 2, 1929, the other for $1,750, dated December 3, 1928, and due March 4, 1929. It is self-evident that the said notes, each being for less than eight months' duration, did not come within the provisions of section 9608, C. O. S. 1921 (chapter 264, Session Laws 1917), and therefore the court did not err in admitting said notes in evidence. In Kelley v. Hamilton, 78 Okla. 179, 189 P. 535, this court said in the body of the opinion:

"For reversal the defendant first contends that the court erred in receiving the note in evidence, until it had been shown that the special taxes had been paid thereon as provided by chapter 264, Session Laws 1917. It was admitted in the trial of the case, although the note disclosed on the face it was executed January 21, 1912, that the note was, in fact,

executed January 25, 1913. That being true, the same, being a note for less than eight months' duration, did not come within the provision of chapter 264, Session Laws 1917, and the court did not err in admitting said note in evidence."

The only material assignments of error are: The alleged error of the court in admitting testimony of the plaintiff over the objection of the defendant: that the decision and judgment of the court is not sustained by sufficient evidence.

It has been uniformly held by this court that:

"Where, upon examination of the record, petition in error, and motion to dismiss, it appears that the appeal is manifestly frivolous and without merit, the same will be dismissed." Simmon v. Young, 77 Okla. 203, 186 P. 941; Richards v. Claxton, 79 Okla. 133, 192 P. 199; Bilbo v. Sullivan, 114 Okla. 239, 246 P. 451.

From an examination of the entire record, it clearly appears that the notes sued on were admissible in evidence; that no other judgment could have been rendered; and that the appeal is wholly without merit and frivolous and should be dismissed, and it is so ordered.