### PATTERSON v. McKEEHEN.

No. 22256.   May 15, 1934.

W. R. Withington, for plaintiff in error.

D. D. Jennings, for defendant in error.

PER CURIAM. The parties will be referred to as they were in the court below. Plaintiff, Orban C. Patterson, brought this action against defendant, C. W. McKeehen, alleging in substance that he, Patterson, was the former record owner of certain real property in Oklahoma City; that he conveyed it in trust to one F. A. Guckian: that thereafter defendant, McKcehen, acquired a certificate tax deed on the property and also a quitclaim deed from said Guckian, plaintiff claiming that defendant purchased from Guckian with notice of the trust, and also that defendant's tax deed was void for various reasons, and prayed that the trust be established, that said tax deed be canceled, and that the title to said property be quieted in plaintiff. Defendant, McKeehen, by answer, pleaded title by reason of his tax deed and by reason of being a bona fide purchaser for value without any notice of the rights claimed by plaintiff, and asked for affirmative relief quieting his title to the property involved, said property being an undivided one-half interest in and to lots 8, 9, 10, and 11, in block 2, in Armourdale addition to Oklahoma City, Okla. Plaintiff's amended reply to defendant's answer was a general denial, except admitting that defendant took a deed to said property from F. A. Guckian. but alleging that Guckian held said property in trust for plaintiff, and that defendant had knowledge thereof and was not a bona fide purchaser without notice, and further that said deed was champertous and void. No proof was offered, however, under the champerty plea, and that does not enter into the consideration of the case.

The case was heard to the court and the court found defendant the legal owner of an undivided one-half interest in and to said property, in possession thereof, and his title thereto valid and perfect and superior to plaintiff's title, adjudging the deed from F. A. Guckian to defendant, dated February 3, 1930, and filed for record on February 7, 1930, a good and valid deed, conveying an undivided one-half interest in and to said property to defendant, and by proper decree quieted the defendant's title to said property and perpetually barred and enjoined plaintiff and those claiming by, through, or under him from claiming any right, title, interest, or estate in and to the same, or otherwise disturbing defendant's said title.

Plaintiff appealing to this court, after his motion for new trial had been filed and overruled, presents various assignments of error, but in his brief states that the only disputed point in the record is whether or not defendant bought with notice of plaintiff's rights under plaintiff's trust arrangement with Guckian, and he insists that the court's findings that defendant was a bona fide purchaser for value without notice is against the weight of the evidence, and says that the matter is narrowed down to this one issue. The defendant in his brief says that the only question of importance presented to the trial court was the question of whether the defendant was a bona fide purchaser for value without notice. Hence the parties are in accord that the only question for this court on this appeal to pass upon is that one issue. The trial court has passed upon that issue in favor of the defendant, holding that he was a bona fide purchaser for value without notice of plaintiff's rights under his trust arrangement with Guckian. This is a case of purely equitable cognizance, and, while this court on appeal will examine and weigh the evidence, the findings and judgment of the trial court will not be disturbed on appeal unless it is made to appear that such findings and judgment are against the clear weight of the evidence. Melton v. Whitney et al., 164 Okla. 220, 23 P. (2d) 660. This is the uniform and long established rule in this jurisdiction, and no further citation of authorities is necessary. Applying this rule to the case at bar, it is only necessary to say that we have carefully read and considered the entire record and examined and weighed the evidence, and we cannot say that the findings and judgment of the trial court are against the clear weight of the evidence.

Judgment affirmed.

The Supreme Court acknowledges the aid of District Judge John L. Norman, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.