## CUMBEY et al. v. URSCHEL.
## MAGEE et al. v. TOM SLICK PROPERTIES, Inc.

Nos. 23754, 24281. March 12, 1935.

Rehearing Denied April 9, 1935.

Chas. B. Rogers and E. O. Patterson, for plaintiffs in error.

Stokes & Jarman, Grant & Price, and F. A. Bodovitz, for defendants in error.

RILEY, J. In the latter cause a demurrer to the evidence of plaintiff was sustained and judgment rendered for defendant. In the former cause defendant's motion for judgment on the pleadings was sustained.

The decisive question involved in these appeals is whether, under the laws of the state of Oklahoma, a railroad corporation has capacity to acquire by purchase fee title to lands necessary for railroad purposes.

In both causes the instruments in question are general warranty deeds, and by unambiguous words these deeds purport to convey estates in fee. There are no reservations in the deeds; neither deed purports to limit the grant of land "for railroad purposes."

The effect of the judgments below was to answer the decisive question in the affirmative and in accord with the decision of this court in Marland v. Gillespie, 168 Okla. 376, 33 P. (2d) 207.

Judgments affirmed.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.

## WHITSON v. BELL et al.

No. 24832. March 5, 1935.

Rehearing Denied April 9, 1935.

Ben Goff, for plaintiff in error.

J. Harry Johnson and Harold Freeman, for defendants in error.

PER CURIAM. This action was commenced by the plaintiff below, plaintiff in error herein, to obtain an injunction against the enforcement of a certain ordinance of the city of Pauls Valley relative to the running of a pool hall.

Brief was filed herein October 24, 1934, and upon an examination of the authorities cited therein it appears that not a single case sustains remotely the proposition urged by the plaintiff in error, and of the three authorities cited none of them deal with the proposition urged in the appeal at all.

This court has held that where, from an examination of the proceedings, the petition in error, and the brief filed, it appears that the appeal is manifestly without merit, the appeal will be dismissed, and it is so ordered.