## McCOY v. BRADEN CO. et al.

No. 26069.   July 2, 1935.

W. I. Williams, for plaintiff in error.

Allen, Underwood & Canterbury and Paul Pinson, for defendants in error.

PER CURIAM. This action was commenced in the district court of Tulsa county by W. D. McCoy, in which he seeks an accounting and damages for breach of contract with the Braden Company for the sale of certain real estate in Tulsa county.

There is a motion to dismiss filed herein, which was overruled on the 23rd day of April, 1935. Under the rule of Lillard v. Meisberger, 113 Okla. 228, 240 P. 1067, the same may be renewed in the brief on the merits if permission of the court is obtained.

Such permission was obtained in this case. This was tried in the district court upon a contested question of fact, and we are of the opinion the appeal is not frivolous. The motion to dismiss is therefore denied.

The petition alleges and the evidence supports the fact that there was an original contract under date of June 5, 1925, entered into between the plaintiff and the Braden Company which was in writing. This contract expired by its terms within three years from the date thereof with a provision therein that if, at the expiration of said three-year period, the Braden Company had realized from the sale of portions of said land under said contract the net sum of $276,000, then and in that event said second party was to have two years from the said three-year period in which to sell the remaining unsold portions thereof.

The contest between the plaintiff and the defendants herein arose upon the terms and conditions of this contract and the receipt from the sale of certain property included in this contract. It is the contention of the plaintiff in this case that his contract was renewed by an oral agreement between himself and the defendant, the Braden Company, and that after the renewal thereof the Braden Company entered into a mortgage with the Colonial Trust Company and a mortgage subsequent thereto to the same company; and that the filing of these mortgages and the recording thereof so damaged and endangered the title to the property involved in the original contract and the oral contract and extension thereof that he was unable to complete the sale of the land involved in this proceeding, and that by virtue thereof he is entitled to the damages prayed for.

This contract between the parties was terminated in November, 1931, after the execution of these mortgages and after a controversy had arisen between plaintiff and defendant as to certain moneys relative to the sale of the real estate.

It is also the contention of the plaintiff that he is entitled to certain credits for the sale of property prior to the termination of his contract, and also that the Braden Company had no right to terminate the contract.

It is the contention of the defendant, the Braden Company, that the contract was never extended by any oral agreement binding upon the Braden Company, and that at the most the plaintiff was continued and

employed for the collection of certain rents and for the sale of such properties as he might make during his agency, and that he has been completely paid for any amount that he has earned under the original contract and under any contract of employment subsequent thereto.

Subsequent to the execution of the mortgage the Colonial Trust Company foreclosed the same, and at the proceedings to foreclose this mortgage the plaintiff herein intervened and filed a claim attempting to establish a lien upon the property involved. It is stated in the brief on behalf of the plaintiff that he could not appear at the trial in the foreclosure proceedings and therefore dismissed his claim without prejudice to another action. Defendant asserts that his claim was adjudicated by the court and denied finally and that he is bound by the judgment in that foreclosure proceeding. The determination of this question is not necessary, due to the fact that the trial court found that plaintiff was not entitled to any judgment against the defendants.

Defendants admit that the plaintiff had no knowledge of the intended execution of the mortgages and perhaps no knowledge of their execution until after the filing and recording thereof. The attitude of the Braden Company is that these transactions are of no importance to the plaintiff, and apparently the trial court adopted the theory of the Braden Company in the judgment rendered herein.

The case went to trial in the district court on these theories. In addition to the reports and statements of plaintiff, a complete audit was submitted to the court.

The argument is intended to be addressed to specification of error No. 3, which is as follows:

"The court erred in ordering and adjudging that the defendants in error were not indebted to the plaintiff in error in a large sum of money on said accounting and in not ascertaining the amount of that sum and in not rendering judgment for the plaintiff in error and against the defendants in error for the ascertained amount."

This relates to the sufficiency of the evidence.

The court had before it the contract entered into in writing. The testimony is voluminous. After a review, it does not appear that the judgment is contrary to the weight of the evidence. Moore v. Moore, 167 Okla. 365, 29 P. (2d) 961; Bank of

Chelsea v. Elam, 167 Okla. 650, 30 P. (2d) 919; Hendrix et al. v. Rinehart et al., 167 Okla. 621, 31 P. (2d) 113; Wheeler v. American Inv. Co., 167 Okla. 558, 31 P. (2d) 117; Williams v. Ware, 167 Okla. 626, 31 P. (2d) 567; Patterson v. McKeehen, 168 Okla. 252, 32 P. (2d) 875.

The record shows that a jury was waived in this case and the parties treated the cause as a purely equitable action, and we shall so treat it.

We have examined the record and case-made presented in this cause, and find that the evidence amply supports the findings and judgment of the trial court. The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur. RILEY, BUSBY, and PHELPS, JJ., absent.