FLANARY v. BRISCOE.

No. 30132.    May 6, 1941.

*113 P. 2d 366.*

Carl Hogge, of Oklahoma City, for plaintiff in error.

Butler & Rinehart, of Oklahoma City, for defendant in error.

PER CURIAM.  This is an appeal by the plaintiff from a judgment for the plaintiff for less than claimed in an action in damages for personal injury. A motion to dismiss has been filed which alleges that no exceptions were saved to the rulings of the trial court during the proceedings on the trial. A response has been filed which, in effect, admits that no exceptions were saved at the trial, but alleges that a motion for new

trial was duly filed and overruled, and that this court has held in McCoy v. Braden Co., 173 Okla. 113, 46 P. 2d 960, that an appeal will not be dismissed as frivolous where it requires a checking of the record prior to assignment on the merits to determine whether the same is frivolous.

We are of the opinion that the case of McCoy v. Braden Co., supra, is not in point. This court has many times held that errors alleged to have occurred in the lower court, unless excepted to, will not be considered on appeal to the Supreme Court (New v. Elliott, 88 Okla. 126, 211 P. 1025; Elsea Bros. v. Killian, 38 Okla. 174, 132 P. 686; Security Benefit Ass'n v. Lloyd, 97 Okla. 39, 222 P. 544); that the filing and determination of a motion for new trial does not serve the purpose of the necessary exceptions to be taken at the trial (Bilby v. Anglin, 158 Okla. 75, 12 P. 2d 222). It therefore follows that, no exceptions having been saved at the trial, the filing and determination of the motion for new trial served no purpose to authorize this court to review the alleged error occurring at the trial. In Atkinson v. Shaffer, 187 Okla. 262, 102 P. 2d 943, and Offutt v. Fizz-O-Water Co., 187 Okla. 522, 104 P. 2d 559, this court held that where, upon an examination of the motion to dismiss and a cursory check of the record, it became manifest that the appeal was without merit and taken for delay only, this court could, in its discretion, dismiss the appeal as frivolous.

We are of the opinion, and hold, that the record reflects in the case at bar that the appeal is without merit and frivolous.

Appeal dismissed.

WELCH, C. J., CORN, V. C. J., and BAYLESS, HURST, and ARNOLD, JJ., concur.