BERRY et al. v. CRUTCHMER.

No. 34540. May 2, 1950.

Rehearing Denied Aug. 1, 1950.

Second Petition for Rehearing Denied Jan. 8, 1952.

*239 P. 2d 402.*

Irvine E. Ungerman and Harry M. Crowe, Tulsa (Charles A. Whitebook, Tulsa, of counsel), for plaintiffs in error.

Rainey & Barksdale, Okmulgee, for defendant in error.

PER CURIAM. This is an appeal from the order of the trial court refusing to vacate an order and judgment in aid of execution. A judgment was obtained in favor of A. S. Crutchmer d/b/a Crutchmer Trucking Company against Vel Mar Oil, Inc., a corporation, and these defendants. Two executions were issued against the Vel Mar Oil, Inc., and returned no property found. Thereafter the proceedings in aid of garnishment were commenced and an order of the district court was issued appointing a referee and directing the filing of answers to interrogatories by the garnishee. The matter was referred to the Referee who conducted the hearing on the interrogatories issued to the defendants in this case. The report of the referee was made and an order and judgment of the district court was entered approving the report and ordering the defendants to pay the money held for the Vel Mar Oil Company into court. The defendants filed their answer to the interrogatories and made no objection to the proceedings. Thereafter they filed no motion for new trial on the report of the Referee and the judgment of the court became final. The defendants then, for the first time, moved to vacate the entire proceedings and the judgment rendered thereon. One of the grounds for vacating the judgment was that the proceedings were void.

The trial court overruled the motion to vacate the judgment, and the defendants have appealed.

A motion to dismiss has been filed and one of the grounds for dismissal is that the appeal is without merit and for delay only. The motion to dismiss must be sustained. The response filed at the direction of this court fails to disclose any merit in the appeal. The response admits that the sole issue presented is that the proceedings in aid of garnishment were void. The only statement in the record of the proceedings in the trial court that challenges any of the proceedings is based on the assumption that plaintiff should have proceeded under the statute in garnishment directing the clerk to issue an order in garnishment. The plain statutory directions in proceedings in aid of execution are to the contrary. 12 O. S. 1941 §§847-850. These statutes manifestly authorize a proceeding on order of the trial judge.

We have said that where a motion to dismiss has been filed on the ground that the appeal is for delay only, and on an examination of the record and the response to the motion to dismiss it is disclosed that the appeal is without merit, such appeal will be dismissed. Whitney v. Harris, 157 Okla. 186, 11 P. 2d 153; Atkinson v. Shaffer, 187 Okla. 262, 102 P. 2d 943; Offutt v. Fizz-O-Water Co., 187 Okla. 522, 104 P. 2d 559; Flanary v. Briscoe, 189 Okla. 34, 113 P. 2d 366.

Appeal dismissed.

DAVISON, C. J., ARNOLD, V. C. J., and CORN, GIBSON, LUTTRELL, and O'NEAL, JJ., concur. HALLEY, J., dissents.

