### TULSA DEFENSE HOUSES, Inc., v. COPELAND.

No. 34323.    April 1, 1952.

*243 P. 2d 696.*

Blackstock & Follens, Tulsa, for plaintiff in error.

Moseley & Raynolds, Tulsa, for defendant in error.

GIBSON, J. Plaintiff filed an action to foreclose a mechanic's and materialmen's lien. Defendant filed an answer denying the amount claimed and seeking recovery on a cross-petition. Judgment was rendered for plaintiff for $1,647.58, after a closely contested trial in which the defendant disputed the issue of fact as to the amount due.

The sole issue presented in this court is that there is no allegation and proof of compliance with the law requiring the return for assessment for taxes of intangible property as required by 68 O. S. 1941 §1515. A motion to dismiss has been filed for the reason that the appeal is without merit and taken for delay only. The motion must be sustained.

Conceding, but not deciding, that the contract involved in this case and the rights thereunder constitute intangible property, it appears from the pleadings that the contract was entered into June 2, 1948, and the work done thereunder was completed June 19, 1948. This action was filed October 7, 1948. There was no intervening period at which an assessment could have been returned under 68 O. S. 1941 §1507, between the time the contract was entered into and the petition was filed. We have held that the date of the filing of the petition is controlling as to the taxable status of the intangible, and where there was no intervening period in which the property could be returned for assessment the statute does not apply. Lewis v. Boice, 205 Okla. 189, 236 P. 2d 258; Rutter v. Heatly, 198 Okla. 591, 180 P. 2d 822.

We have stated that where, upon examination of the record, the brief of plaintiff in error and the motion to dismiss and response thereto, it is shown that the appeal is without merit and manifestly for delay only, such appeal will be dismissed. Whitney v.

Harris, 157 Okla. 186, 11 P. 2d 153; Flanary v. Briscoe, 189 Okla. 34, 113 P. 2d 366; Whitson v. Bell, 171 Okla. 389, 43 P. 2d 73; Richards v. Claxton, 79 Okla. 133, 192 P. 199.

In Whitson v. Bell, supra, we said:

"Where, from an examination of the petition in error, the brief and the proceedings filed in this court, it appears that the appeal is without merit the same will be dismissed."

Appeal dismissed.