WESTERN SURETY COMPANY, a corporation, and G. D. Morgan, Plaintiffs in Error,

v.

Fred SMITH, Defendant in Error.

No. 38064.

Supreme Court of Oklahoma.

Sept. 30, 1958.

Ungerman, Whitebook, Grabel & Ungerman, William Leiter, Tulsa, for plaintiffs in error.

Trower, Ferguson & Gaither, C. A. Back, Jr., Tulsa, for defendant in error.

PER CURIAM.

This action was brought upon a judgment rendered against the plaintiffs in error in a replevin action in which Morgan was plaintiff and Western Surety Company was his surety on a replevin bond. That judgment required Morgan to redeliver the personal property taken and to pay damages in the amount of $2,400 with interest and costs. The judgment in the instant action was for the $2,400, $122.50 for property not returned in compliance with the former judgment, $252 for additional damages from loss of use of the property, and for $144 interest on the $2,400 former judgment. The total judgment was for $2,918.50.

Plaintiffs in error's first two propositions on appeal allege that the judgment is excessive in two particulars: one, that the amount of $252 awarded as additional damages is erroneously in excess of the $184 claimed in defendant in error's petition; two, that the judgment in effect erroneously awards interest upon the interest accumulated on the former judgment. Defendant in error in his brief concedes the foregoing propositions and agrees that the judgment must be corrected. In view of this concession, the plaintiffs in error's assertion that these matters are reversible

error is not correct. In the authorities cited, the court affirmed the judgments upon condition of a remittitur. That is the proper disposition in this case.

The third proposition deals with the defendant in error's failure to allege and prove compliance with the intangible personal property tax statute. The judgment upon which this action was brought was entered June 12, 1956. This action was filed August 1, 1956. Judgment was entered July 10, 1957. Thus, at the time this action was filed the defendant in error was not required to have assessed this property and no tax thereon was due. We have held that under these circumstances it is not necessary that the plaintiff "allege and prove payment of the intangible tax nor excuse nonpayment." Tulsa Defense Houses, Inc., v. Copeland, 206 Okl. 260, 243 P.2d 696; Schaefer v. J. G. Stobaugh Supply Co., Okl., 285 P.2d 380.

The judgment is modified to provide for interest at 6% per annum on the $2,400 from June 12, 1956, and for interest at 6% per annum on $306.50 from July 10, 1957, upon condition that defendant in error, within 15 days of receipt of the mandate herein by the trial court, enter a remittitur of the item of $144.00 awarded as interest, and a remittitur of $68 of the item of $252 awarded as additional damages, so that the total judgment shall be $2,706.50 with interest as provided above. As thus modified it is affirmed. Upon failure of defendant in error to enter the remittitur required, the judgment will stand reversed and remanded for a new trial.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.