SECURITIES ACCEPTANCE CORPORATION v. PARKINSON et al.

No. 30355. June 2, 1942.

*126 P. 2d 693.*

Stanley D. Belden, of Cushing, for plaintiff in error.

Walter Mathews, of Cushing, for defendants in error.

CORN, V.C.J. T. H. Parkinson and N. C. Long, doing business as Cushing Motor Sales, and Alva Crenshaw, plaintiffs, sued Mack White, who had been given possession of an automobile by Securities Acceptance Corporation, in the justice of the peace court to replevin said automobile. The Securities Acceptance Corporation was substituted as defendant, since it claimed the right to possession by virtue of a note, secured by a mortgage on said automobile, which mortgage was recorded in the State of Kansas. Judgment was for plaintiffs in the justice court, and a jury trial in the district court resulted in a verdict and judgment for plaintiffs, and defendant has appealed.

Defendant held the note and mortgage, executed by one Daughenbaum, who purchased this car at Larned, Kan. The mortgage thereon was recorded in Kansas, but it is admitted that no mortgage was ever filed in this state. The purchaser failed to make the required payments, and defendant began a search for him, with intention of repossessing the automobile.

The evidence showed that Smith, manager of Cushing Motor Sales, took this car as a trade-in on a new car from one Wilson, June 16, 1939. The car at that time bore a Texas license and Wilson was required to secure an Oklahoma license and certificate of title before the trade was made. On July 3, 1939, the Cushing Motor Sales sold this car to Crenshaw, without knowledge of any previous binding mortgage on the car.

February 8, 1940, defendant's representative appeared and took possession of the car from Crenshaw, without his consent, and stored it in Mack White's garage.

The material testimony is substantially as follows: Smith, manager of Cushing Motor Sales, testified he took the car in as a trade-in from Wilson on June 16, 1939, having been negotiating for some three or four days prior to that date. The car bore a Texas license at the time, and Wilson was required to secure an Oklahoma license, which he did. The application for the Oklahoma certificate of title showed May 24, 1939, as the date this car entered the state.

One Crabtree testified he knew Daughenbaum, and that he was in Cushing in January, 1939, and that the car was in his possession at that time; that he negotiated with Daughenbaum for purchase of the car. One Griffith testified the car was brought to him for appraisal in April, 1939.

The parties stipulated and agreed that no mortgage had ever been filed in any county in this state.

The sole issue is whether this automobile was purchased by plaintiffs during the 120-day period provided by 46 O. S. 1941 § 58. It is defendant's contention that within 120 days after the car was registered in Oklahoma the car changed hands three times, and that any purchaser who took within this period did so at his own risk.

Defendant urges that plaintiffs were bound to establish, by a preponderance of the evidence, that the car in question had been permanently located in Payne county, Okla., for 120 days prior to June 16, 1939, the date the car was purchased by the Cushing Motor Sales.

Our statute, 46 O. S. 1941 § 58, provides:

"The filing of a mortgage of personal property, in conformity to the provisions of this article, operates as notice thereof to all subsequent purchasers and incumbrancers of so much of said property as is at the time mentioned in the preceding section located in the county or counties wherein such mortgage or authenticated copy thereof is filed: Provided, that when a mortgaged chattel is moved into this state, or from one county to another, any previous filing of the mortgage shall not operate as notice as against subsequent creditors, purchasers, mortgagees or incumbrancers for a longer period than one hundred and twenty days after such removal, but such mortgage must be refiled in the county to which the chattel is removed and in which it is permanently located."

The essence of defendant's contention is that this automobile was not permanently located in Payne county for the required period before the mortgagee was required to file his mortgage to secure his lien against those persons mentioned in the statute.

The evidence, although controverted, shows that Daughenbaum left Kansas immediately after execution of the note and mortgage covering this car, and that he had the automobile in Payne county during January, 1939; and that it was sold to the Cushing Motor Sales on June 16, 1939.

It does not appear from the record as to what was the real condition of the title when the Texas license was issued

in April, 1939, or under what circumstances the title was obtained in Texas. However, the mere fact that a license was issued in Texas is not sufficient to establish that the car was not permanently located in Payne county. It is a matter of common knowledge that any car in a foreign state runs the risk of being required to be licensed in that state.

The record does reveal that a title was issued in Texas, and that subsequently a certificate of title was issued in Oklahoma and assigned over to Cushing Motor Sales.

There was conflicting evidence upon the question as to whether this automobile had been located in Payne county for 120 days prior to the sale in question. This matter was passed upon by the jury, and the issue was resolved in plaintiffs' favor. It is settled that, in a law action, the verdict of the jury is conclusive as to all disputed facts and conflicting statements, and where the verdict is reasonably supported by competent evidence, it will not be disturbed on appeal. United Ben. Life Ins. Co. v. Knapp, 175 Okla. 25, 51 P. 2d 963; Pine v. Independent Gas Co., 181 Okla. 495, 74 P. 2d 935; Chicago, R. I. & P. Ry. Co. v. Richerson, 185 Okla. 560, 94 P. 2d 934.

Judgment affirmed.

WELCH, C. J., and OSBORN, BAYLESS, GIBSON, and ARNOLD, JJ., concur. RILEY, HURST, and DAVISON, JJ., absent.