## BOLON v. SMITH.

No. 23647. Jan. 29, 1935.

Jones & Wesner, for plaintiff in error.

T. R. Wise, for defendant in error.

PER CURIAM. This action was instituted in the district court of Beckham county by J. B. Smith against Park Bolon, being for personal injuries alleged to have been sustained by plaintiff when he was struck by a truck owned and operated by defendant.

Judgment being rendered for plaintiff, and defendant prosecuting this appeal, the parties will be referred to as they appeared in the court below.

The evidence of the plaintiff discloses that he was walking along the highway at its extreme right side, about one mile east of the town of Carter, Okla.; that defendant's truck, or some braces extending out from it, struck him and knocked him off into the ditch at the side of the road. It clearly appears from the record that plaintiff was injured, and the amount of the judgment is not attacked. Defendant's defense is based solely on the claim that it was not a truck of defendant's that injured plaintiff. On this point, the evidence is conflicting, being largely circumstantial. We do not deem it necessary, however, to consider the weight of the evidence for the reason that the record discloses that defendant demurred at the conclusion of plaintiff's evidence, upon which demurrer being overruled defendant put on its evidence, at the conclusion of which, after instructions by the court, the cause was submitted to the jury. The defendant did not at the conclusion of all the evidence renew his demurrer, or move for an instructed verdict. This precludes any inquiry on our part into the weight of the evidence, or its sufficiency to sustain the verdict of the jury.

This court, in the recent case of Marland Refining Co. v. Harrel, 167 Okla. 548, 31 P. (2d) 121, in the first paragraph of the syllabus, said:

"If a defendant, after its demurrer to the evidence of the plaintiff has been overruled, does not stand upon the demurrer but puts in its evidence, it waives the demurrer, and if it does not move for a directed verdict after the parties have finally rested, it cannot urge against an adverse verdict that the evidence was insufficient to establish a cause of action in favor of the plaintiff."

See, also, Hinshaw et al. v. Brannon, 163 Okla. 225, 22 P. (2d) 74; Local Building & Loan Ass'n v. Hudson-Houston Lumber Co. et al., 150 Okla. 44, 3 P. (2d) 156; Watson v. Doss, 151 Okla. 132, 3 P. (2d) 156.

For the reasons given, the judgment of the court below is affirmed.

The Supreme Court acknowledges the aid of Attorneys Charles E. Dierker, Roscoe C. Arrington, and G. C. Abernathy in the preparation of this opinion. These attorneys constituted an advisory committee selected

by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Dierker, and approved by Mr. Arrington and Mr. Abernathy, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of this court, this opinion was adopted.