## CHICAGO, R. I. & P. R. CO. et al. v. RICHERSON.

No. 27805. Sept. 26, 1939.

Rehearing Denied Oct. 31, 1939.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for plaintiffs in error.

Gomer Smith and Melrose Minton (Nelson Rosen, of counsel), for defendant in error.

DAVISON, J. This is an action for the recovery of damages for injuries to plaintiff's person and his automobile, occurring when he drove said auto into the side of a train of empty freight cars of the defendant railroad company at one of the latter's track crossings on Oklahoma State Highway No. 81, a short distance north of the city of El Reno, Okla.

The plaintiff alleged in his petition that the injuries occurred at about 3 o'clock a. m., while he was lawfully driving his car upon said highway and that they were the result of two or more boxcars being suddenly pushed or switched upon said highway crossing directly in the path of his car, without warning or signal. Other respects in which the negligence of the defendant company was alleged to have been the cause of the injuries were that it failed to place any railroad crossing sign or marker at the point where the tracks crossed the highway, and also that it permitted boxcars to remain on other tracks parallel to the track in question so that the plaintiff's view was obstructed to such an extent that he could not observe the approach to the crossing of the freight cars with which he collided, in time to avoid the collision.

In the defendant company's answer, it alleges that the collision was due, not to its fault or negligence, but was the result of the plaintiff's failure to observe the railroad cars which were passing over the highway crossing at the time of his approach and into the side of which he negligently drove his car without regard to their previous presence on said crossing.

The undisputed facts disclosed by the evidence are that the highway at the scene of the accident runs north and south and that the plaintiff's car was traveling north; that at the point where the collision occurred there are railroad yards belonging to the defendant on both the east and west sides of said highway and that nine railway tracks extending across the highway connect the east yard with the west yard; that these nine highway crossings are approximately 150 or 200 feet apart, and there are three crossing signs for the nine crossings; that the collision occurred on the ninth crossing numbering them from the south after the plaintiff had passed over eight of said crossings without mishap; that there is no crossing sign between the eighth and ninth crossings; that at the time of the accident, the freight train collided with was moving at the rate of approximately three or four miles per hour; that the top of the tracks which cross the highway is even with the surface of said highway, so that said crossings are practically level; that the highway is straight for a great distance on both sides of the crossings; that no bell or whistle was sounded by the train; and that the plaintiff's auto struck the side of one of the boxcars of the train.

As to the disputed facts, the testimony introduced on behalf of the defendant company showed by the positive statements of seven witnesses that the defendant's freight train was occupying the entire crossing when the plaintiff's auto arrived at said crossing. Of these seven witnesses, the five who were members of the train crew testified that this train consisted of a switch engine pushing across the highway 42 boxcars and a flat car, which were all coupled together. The three switchmen testified that the plaintiff's auto hit the train at approximately its center and all of the defendant's witnesses who were interrogated on the subject testified that the ends of the train extended for quite a distance both east and west of the highway at the time of the accident. The defendant's evidence fails to disclose whether or not there were other railroad cars standing near the highway crossings on the other eight tracks, except one of its witnesses testified that there were none on the fifth, sixth, seventh, and eighth tracks.

The plaintiff testified to the effect that when he came to the crossings, he stopped and let one or more freight trains pass, and that when he proceeded farther there was nothing in front of him, but there were rows of boxcars on either side of the highway; and that when he had driven about 150 feet from where he stopped to let the other train or trains go by, he saw another train approaching the crossing in front of him and applied the brakes in an attempt to stop, and also turned his car in the direction the train was going, but his car hit the train as it came on; that he did not see any railroad crossing signs, or switchmen, and that he heard no warning signals whatsoever.

Upon submission of the case to the jury, a verdict was returned for the plaintiff in the sum prayed for in his petition, and the court rendered judgment accordingly.

When the defendant's motion for a new trial was overruled, this appeal was perfected in due course.

The petition in error contains 14 assignments of error, which are argued under four propositions appearing in the brief of the appellant, who, like the appellee, will continue to be designated as they appeared in the trial court.

The defendant's first proposition is that the accident was not caused by the violation of any legal duty owed to the plaintiff by the defendant. As defense counsel apply it to the present case, this proposition consists of no more than the contention that the defendant railroad company was under no legal obligation to give the plaintiff a warning sign or signal of the presence of the train on the crossing because its presence there, in advance of the plaintiff's arrival and in his unobstructed view, was sufficient warning in itself. As authority for this contention counsel cite leading cases which deny recovery against a railroad company when, regardless of the warning given, the plaintiff was aware or should have been aware of the train's approach to or presence on the crossing. In all of these cases, however, with one exception, the train's arrival at the crossing preceded the plaintiff's arrival there by such a period of time that, with his unobstructed view of the crossing, in the exercise of due care for his own safety, he could have avoided striking the train. The one case cited in which this was not shown to have been the situation was St. Louis, I. M. & S. R. Co. v. Gibson, 48 Okla. 553, 150 P. 465. There, no question arose from the evidence as to whether the child for whose death the action was brought should have seen the train or have known of its presence, because it was admitted that he actually knew of its approach, but nevertheless stepped upon

the crossing directly in front of it. In none of the other cases cited by the defendant was it denied that the train had already occupied the crossing when the plaintiff approached it. This salient fact is disputed in the present case, so that the applicability of the rules of those cases in which the knowledge that the plaintiffs therein had or should have had of the presence of the train had the effect of relieving the defendant railroad companies of liability for their neglect of their duties of warning said plaintiffs of the presence of the train, depends solely upon whether similar facts exist in the present case. Here, plaintiff's testimony to the effect that no whistle was blown nor bell rung to warn of the train's approach to the crossing was not refuted and the defense counsel's argument impliedly admits that these things were not done. These warning signals are required of railroad companies by section 11961, O. S. 1931, 66 Okla. St. Ann. § 126. It is also admitted by the defendant's own evidence that there was no railroad crossing sign at the crossing upon which the accident occurred as is required by section 11959, O. S. 1931, 66 Okla. St. Ann. § 124. Unless the defendant proved that the plaintiff had or should have had notice of the approach of the train to the crossing or its presence thereon, it could not relieve itself of responsibility for failure to discharge these statutory duties of furnishing warning signs and signals. Thus it is apparent from the record that the defendant had neglected certain of its statutory duties, and whether or not these duties were owed to the plaintiff under the circumstances of this case, or whether because of his independent knowledge of the presence of the train warning thereof was unnecessary, are dependent upon questions of fact. This is true also of the question which the defendant's second proposition concerns, viz., whether the violation of any duty owed the plaintiff by the defendant was the proximate cause of the accident in which the plaintiff's injuries were received. The finding of the jury was against the defendant on these issues, for its general verdict in favor of the plaintiff and against the defendant was a finding of every material fact necessary to support it. Johnson v. Jones et al., 39 Okla. 323, 135 P. 12; Sturm v. American Nat. Bank & Trust Co., 172 Okla. 294, 44 P.2d 974. The rule governing this court's review of evidence presented before a jury upon conflicting issues of fact is so well recognized and is of such long standing that it should be unnecessary to repeat it. The cases in which we have

refused to disturb the jury's verdict where there was any competent evidence in the record to support it are too numerous to mention. While it appears from a review of the evidence in this case that a finding that the freight train did not appear at the crossing long enough prior to the plaintiff's arrival for him to have avoided hitting it must be based almost entirely upon the testimony of the plaintiff himself, yet can we say his testimony was not competent evidence within the above rule? This question, of course, must be answered in the negative.

In Watson v. Taylor, 35 Okla. 768, 131 P. 922, we said:

"* * * In Kaufman v. Boismier, 25 Okla. 252, 105 P. 326, it was said: 'It has been held not only by this court, but also by the Supreme Court of the Territory of Oklahoma, in numerous cases, that it will not disturb the verdict of a jury upon controverted questions of fact, and it is immaterial whether such questions arise from direct or *circumstantial* evidence. The jury had the opportunity of seeing the witnesses on the stand face to face and observing their manner, apparent fairness, and candor, or want of it. This is not available to this court in a re-examination of evidence, and, where there is any reasonable evidence tending to support the verdict, it will not be disturbed here.'

"If this was a criminal case where the prosecution is bound to prove the charge beyond a reasonable doubt, it would probably be controlled by People v. O'Sullivan, 104 N. Y. 451, 10 N. E. 880, 58 Am. Rep. 530, and cases of that class, cited by the defendant. But here whether the charge was established by a *preponderance* of the evidence largely depended upon the *credit to be given to the testimony of the plaintiff, and that was a question for the jury.*"

In Hosman v. Southern Pac. Co. (Cal. App.) 83 P.2d 88, it was held:

"The appellate court cannot substitute its own judgment for that of jury as to truth of plaintiff's testimony on appeal from judgment on verdict for plaintiff."

With the evidence conflicting as to when the train appeared on the crossing, it was for the jury to decide whether it was the defendant's duty to warn said plaintiff of said train's approach, and in deciding this question the jury is not confined to those duties particularly described by statute. In St. Louis-San Francisco Ry. Co. v. Prince, 145 Okla. 194, 291 P. 973, we said:

"It is now well recognized that the duty may exist outside the statute to provide flagmen, automatic bells, or other adequate

warning appliances, if the situation of the crossing reasonably requires it. And whether or not the situation of any particular crossing requires such additional warning, signs, appliances, etc., is a question for a jury, where the evidence is such that reasonable men might reach different conclusions. Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, 12 S. Ct. 679, 684, 36 L. Ed. 485."

This enunciation concerning the duty of a railroad in a crossing accident is in accord with the general rule applying to other negligence cases. For instance, in Martin v. McLain, 184 Okla. 418, 87 P.2d 1075, this court said:

"* * * Where the only yardstick which law furnishes for measuring the duty of the defendant is the care which a reasonable and prudent person would exercise under the circumstances and there may be a difference of opinion as to what conduct would constitute such care, it is not only the function of the jury to determine the facts· as to what the defendant actually did, but it is also their exclusive prerogative to determine whether or not that conduct constitutes negligence within the legal definition thereof. * * *"

In that case, we quoted the rule as follows:

"What is or is not negligence is ordinarily a question (of fact) for the jury, and not the court. Where the standard of duty is not fixed but variable, and shifts with the circumstances of the case, it is incapable of being determined as a matter of law, and where there is sufficient evidence, must be submitted to the jury to determine what it is and whether it has been complied with."

In Wisdom v. Bernhardt, 170 Okla. 385, 40 P.2d 679, it was held:

"It is only in cases where the facts are such that all reasonable men must draw the same conclusions from them that the question of negligence becomes one of law for the court, and then only when no recovery can be had upon any view which can properly be taken of the facts which the evidence tends to establish."

Likewise, it was within the exclusive province of the jury to decide whether the defendant's neglect of duty was the proximate cause of the collision, or whether it was the result of plaintiff's negligence. In Kansas, O. & G. Ry. Co. v. Jones, 161 Okla. 206, 17 P.2d 959, it was held:

"Upon an issue of proximate cause, when the facts are such that reasonable men may differ in their conclusions as to evidentiary facts or any reasonable inference from them, necessary to proof of the issue, the determination of the issue must be left to the jury."

To the same effect are our decisions in Missouri, K. & T. Ry. Co. v. Perino, 118 Okla. 138, 247 P. 41, 47 A. L. R. 283; City of Tulsa v. McIntosh, 90 Okla. 50, 215 P. 624, and many other cases.

"The question of whether or not the plaintiff was negligent, like the question of the existence of negligence on the part of the defendant and the question of whether said negligence, if any, caused the collision, was a matter for the determination of the jury." Martin v. McLain, supra.

In Jones v. East Tenn. V. & G. R. Co., 128 U. S. 443, 9 S. Ct. 118, 32 L. Ed. 478, the plaintiff testified that he could not see the approaching train because of a car on a sidetrack, but that he had no warning of it. There was evidence, on the other hand, that he knew of the approach of the train and might have escaped it had he stopped long enough at the exit to have looked about him. In this case it was held error to take the question of contributory negligence from the jury.

In Terre Haute & I. R. Co. v. Voelker, 129 Ill. 540, 22 N. E. 20, the court held that the failure of a railroad company to ring the bell and blow the whistle on approaching a crossing as required by statute was negligence per se. The court also held:

"It cannot be said as a matter of law that the failure to look and listen before crossing a railroad track is negligence per se. The question of contributory negligence arising from such omission is one of fact for the jury."

There the court said:

"It is doubtless a rule of law that a person approaching a railway crossing is bound in so doing to exercise such care, caution, and circumspection to foresee danger and avoid injury as ordinary prudence would require, having in view all the known dangers of the situation; but precisely what such requirements would be must manifestly differ with the ever-varying circumstances under which such approach may be made. * * * To omit looking and listening where neither can do any good, as where the track is hidden from sight and other sounds drown the noise of the cars, is not contributory negligence, and there are other circumstances in which the rule of looking and listening cannot, in the nature of this sort of thing, be inflexible. Therefore, to go upon the track in disregard of it is not necessarily, and as a question of law, negligence."

As we are unable to say from our review of the evidence in the present case that the defendant neglected no duty which it owed the plaintiff, and that a neglect of its duty

was not the proximate cause of his injuries, the verdict of the jury as to these questions must stand.

In its third and fourth propositions, the defendant complains of certain instructions given the jury which its counsel contend were inapplicable to the facts of this case, as well as misleading and erroneous. Some of these instructions informed the jury of the duty of a railroad to erect caution signs at its highway crossings and to give signals of warning when its trains approached such crossings and attempted to apply such duties to the facts of the present case. Another of these instructions directed the rendition of the verdict in the event that the jury believed that the accident occurred in the manner alleged by the plaintiff and another applied "the last clear chance" doctrine to the defendant's liability. The defendant's attack on the instructions is based upon the same assumption of fact as were its first two propositions, viz., that the freight train in question had been occupying the entire railroad crossing so long previous to the arrival of the plaintiff there that he knew or should have known of its presence and by the exercise of reasonable care could have avoided the collision. No complaint is made of the instructions as abstract propositions of law, but the contention is that in informing the jury what their verdict should be in the event that they believed the plaintiff's allegations of the defendant's negligence and his own freedom from negligence that they referred to a fact situation nonexistent in the evidence of the present case and in this way misled and confused the jury. We have already observed that there was competent evidence tending to support the theory of the plaintiff as well as that of the defendant. Thus it was not error for the trial court to give the jury instructions upon both theories. In Campbell v. Thomas-Godfrey Land & Loan Co., 81 Okla. 201, 197 P. 452, this court held:

"In the case tried to the jury, it is the duty of the court to submit by appropriate instruction the theory of the plaintiff where there is evidence reasonably tending to support the same, and likewise to submit by appropriate instruction the theory of the defendants where there is evidence reasonably tending to support the same."

While it is true that the giving of instructions which consist of correct abstract propositions of law, but which are inapplicable to the evidence in a case, will warrant the setting aside of the verdict therein, if it is probable that the jury was misled thereby, yet it is equally true that where there is evidence reasonably tending to establish a material issue, instructions upon that issue cannot be said to be inapplicable to the evidence. In the present case, the evidence of the plaintiff was to the effect that the freight train had not yet reached the highway crossing when he approached it and that the railroad failed to give the warning signs and signals that the circumstances demanded. Therefore, the court correctly issued instructions upon such a theory of fact as well as upon the theory advanced by the defendant company. It is a fundamental rule in the review of instructions that they must be considered together, and when so considered, if they fairly submit the issues to the jury, the verdict will not be set aside for the insufficiency or incompleteness of certain ones standing alone. Instructions numbered 9, 16, 18, and 21 properly submitted the theory of the defendant to the jury, and after a consideration of all the instructions as a whole, we fail to perceive wherein the rights of the defendant company were prejudiced thereby.

Finding no cause for reversal in the instructions given and the verdict rendered in the trial of this cause, the judgment appealed from is hereby affirmed.

BAYLESS, C. J., WELCH, V. C. J., and CORN, HURST, and DANNER, JJ., concur. RILEY, OSBORN, and GIBSON, JJ., dissent.