PHELPS v. MALONE.

No. 31147. Nov. 9, 1943.

*142 P. 2d 849.*

Howard K. Berry, of Oklahoma City, for plaintiff in error.

George Gay, of Oklahoma City, for defendant in error.

PER CURIAM. This case was first filed by J. M. Malone, hereinafter called plaintiff, on November 16, 1941, in the justice of the peace court. He sought to recover on a promissory note dated March 3, 1941, executed by the defendant, Mrs. Maggie Phelps, and transferred to the plaintiff. Judgment was entered for the plaintiff and the defendant appealed and the appeal was filed November 29, 1941. On trial de novo, in the court of common pleas, on March 16, 1942, the court entered judgment on a verdict of the jury for the plaintiff, and the defendant appeals.

Two specifications of error are presented. It is first argued that the pleadings of the plaintiff are insufficient for the reason that there is no allegation that there has been a compliance with the Intangible Property Tax Law, 68 O. S. 1941 § 1501 et seq. We are of the opinion, and hold, that the alleged error is controlled by the case of Stinchcomb v. Harris, 192 Okla. 184, 134 P. 2d 990, wherein a similar set of facts was considered. Therein we held that where at the time of the filing of the petition no period for the rendering of the assessment for intangible property had occurred, it was not necessary to allege in the petition that the property had been assessed under the Intangible Property Tax Law. 68 O. S. 1941 § 1501 et seq. Therein, as in the case at bar, there was an intervening period for assessment prior to the time of trial. Additionally, when the case at bar came on for trial the plaintiff proved that the instrument in question had been assessed under the Intangible Property Tax Law, supra. In such case it will be assumed that the pleadings were amended to meet the proof. Chicago, R. I. & P. R. Co. v. Richerson, 185 Okla. 560, 94 P. 2d 934.

It is next argued that the court erred in excluding certain ordinances of the city of Oklahoma City. The note in suit was given for a plumbing bill. The defense is obscure. There is some testimony in the record tending to disclose that the plumber connected a trap to a sanitary sewer when the ordinance provided that it should be connected with the storm sewer. There is no such defense specifically pleaded and there is not enough evidence in the record to show the nature of the installation and whether the installation was improper or defective. Although defendant states in her brief that the installation improperly crossed other property, neither the municipal authorities of the city of Oklahoma City nor any property owner had made any complaint. However, it is not necessary for the proper determination of this case to rest this matter upon that point. The issue was clearly raised that plaintiff was a purchaser of the negotiable promissory note for value before maturity and without notice of any defects or defenses. The jury found generally for the plaintiff and the general verdict in favor of the plaintiff and against the defendant was a finding of every material fact necessary to support it. Chicago, R. I. & P. R. Co. v. Richerson, supra; Johnson v. Jones, 39 Okla. 323, 135 P. 12, 48 L.R.A., N.S., 547; and Sturm v. American Nat. Bank & Trust Co., 172 Okla. 294, 44 P. 2d 974.

The defendant did not submit interrogatories to the jury. A purchaser for value without notice and before maturity is not subject to the defenses good between the original parties to the instrument not appearing upon the face thereof: Foster v. Augustanna College & Theological Seminary, 92 Okla. 96, 218 P. 335; Whitman v. Brett, 106 Okla. 96, 233 P. 195; Kotzman v. Condit, 169 Okla. 422, 37 P. 2d 412.

The judgment of the trial court is affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. HURST, J., absent.