RUTTER v. HEATLY.

No. 32657.   May 13, 1947.

*180 P. 2d 822.*

W. B. Garrett, of Mangum, for plaintiff in error.

Hollis Arnett, of Mangum, for defendant in error.

DAVISON, V.C.J. In September, 1943, plaintiff sued defendant in the justice of the peace court, for $100 for services performed in plowing defendant's 80 acres of land, earlier the same month, at the request of defendant's husband, acting as the agent of defendant. The

answer was a general denial coupled with a proper specific denial of agency. Defendant appealed to the district court from an adverse jury verdict, and upon a jury trial there, December 11, 1945, plaintiff obtained judgment, from which this appeal has been perfected.

Two errors are assigned by appellant: (1) the failure of plaintiff to plead and prove assessment for, and payment of, intangible personal property tax; (2) insufficiency of the evidence to prove agency.

Under the first proposition above, appellant insists that "at no place in the pleadings, nor in the evidence, does it appear that plaintiff alleged or proved the payment of intangible taxes as required" by 68 O.S. 1941 §1515, which provides:

"In every action or suit in any court for the collection of any bond, note, account receivable, or other intangible personal property as defined in Section 1 of this act, the plaintiff must allege and prove:

"That such intangible personal property sued upon has been assessed for taxation under the provisions of this act for every tax year during which he was the owner of same, and that all taxes, together with accrued interest and penalties, assessed on the property for such period, have been paid. . . ."

Section 1507 provides that property, subject to such tax, shall be listed and assessed on or before March 1st of each year.

Plaintiff herein did the plowing on September 7, 1943. This suit was filed ten days later. The taxable status of the claim is determined as of the time the action was commenced. Day & Whitt Furniture Co. v. Welbilt Appliance Corp., 193 Okla. 69, 141 P. 2d 267; Farr et ux. v. Weaver, 193 Okla. 486, 145 P. 2d 203.

"Manifestly it would have been impossible for the plaintiff to have either returned the property for assessment or to have paid any taxes thereon. For this reason, if for no other, we deem the . . . proposition . . . to be without merit herein." Stinchcomb v. Harris et al., 192 Okla. 184, 134 P. 2d 990.

Plaintiff's testimony was to the effect that defendant's husband had rented and managed the farm for her and collected the rent during 1942, and in 1943 had employed plaintiff to do this plowing, being present most of the time it was being done. After completing the work plaintiff went to the home of defendant and her husband and asked the husband for his pay. He was put off a few days because the husband was ill. Later he was refused payment on the ground the work was not satisfactory.

Defendant introduced no testimony, and the question of agency was submitted to the jury under proper instructions, resulting in a verdict for plaintiff.

That the alleged agent was the husband of the defendant does not, of itself, authorize the conclusion that he was her agent, but is one circumstance to be taken into consideration by the jury in determining the existence of agency, which, when resting in parol, is within their province. Mounts v. Boardman Co. et al., 70 Okla. 90, 191 P. 362.

"Agency may be implied from the conduct of a party in a single transaction and from the circumstances of a particular case." Pharaoh & Co. v. Sies et al., 175 Okla. 614, 55 P. 2d 1009; citing Mounts v. Boardman, supra. See, also, Conway v. Bolt, 174 Okla. 180, 50 P. 2d 170.

In Doney v. Ellison et al., 103 Mont. 591, 64 P. 2d 348, the facts were quite analogous to those herein. The court there said that "agency may be proved by circumstancial evidence," citing the Mounts v. Boardman Case, supra.

The instant case was properly presented to a jury and its verdict will not be set aside on the grounds of insuffi-

ciency of the evidence, there being evidence reasonably tending to support it.

The judgment is affirmed.

HURST, C.J., and RILEY, OSBORN, CORN, GIBSON, and ARNOLD, JJ., concur.