MAYOR v. BENNETT.

No. 32831. Jan. 13, 1948.

*189 P. 2d 186.*

580

Ernest R. Brown, of Pryor, for plaintiff in error.

Wilkerson & Wilkerson, of Pryor, for defendant in error.

WELCH, J.    In this action H. M. Bennett, doing business as Bennett Truck Line, sued O. D. Mayor for a sum of money equal to the C. O. D. charges on certain shipments of goods consigned by Cooper Supply Company to M. S. Contway, alleging an oral agreement by defendant to pay such charges upon delivery of the shipment.

Plaintiff testified that he was an operator of a freight truck line; that prior to the shipments involved herein defendant told him that defendant was going to have a lot of plumbing materials that would be shipped in Contway's name; that Contway was doing some work on defendant's building and had purchased some supplies from Cooper Supply Company and that the supplies would be shipped to Contway C. O. D., but that defendant would pay for them.

Plaintiff's truck drivers testified that they received certain C. O. D. shipments of plumbing supplies from the Supply Company consigned to Contway; that they transported the shipments to the location of defendant's building and was there met by defendant and Contway; that defendant stated he would pay the C. O. D. charges and directed that the shipment be unloaded at a particular place; that when the unloading was finished, defendant was no longer present and they left the shipments and his place of business without having received payment for the C. O. D. charges.

Judgment was rendered in accord with a verdict in favor of the plaintiff, and defendant appeals.

Defendant contends that his demurrer to the evidence should have been sustained on the ground that the contract or agreement sued upon is invalid under the statute of frauds. Defendant cites 15 O. S. 1941 §136, and the case of Gravelle et al. v. Pollock Stores Co. of Talihina, 131 Okla. 20, 267 P. 473. In the first paragraph of the syllabus of the Pollock case the following rule is stated:

"Where a party orally promises to pay for goods furnished another, and the credit is extended to the promisor, the oral contract does not fall within the statute of frauds. If the agreement, however, was that he should only be collaterally liable and pay only in case of default of the party to whom the goods were furnished and to whom credit was extended, then such parol contract falls within the statute of frauds and is void."

The testimony of plaintiff and the truck drivers clearly shows that plaintiff was relying entirely upon the promise and credit of the defendant in delivering the shipments. There was no evidence presented that defendant promised to answer for the default of another so as to bring the agreement within the statutes of fraud.

Defendant next contends that his demurrer should have been sustained for

the reason that the plaintiff neither pleaded or·proved compliance with the Intangible Tax Laws of the state.

The pleadings and proof disclose that the account sued on came into existence in October, 1941, and that action was commenced on March 2, 1942.

From what we have said it is apparent that at the close of plaintiff's evidence plaintiff had established his case on the merits, but was not entitled to judgment for failure to prove compliance with the Intangible Tax Law. It was the duty of plaintiff under the law to list or assess this chose in action or account for taxation on and after January 1, 1942, and on or before March 1, 1942 (68 O. S. 141 §1507). And before he was entitled to judgment he should have made proof of compliance with this law, in addition to proving his debt against the defendant (68 O. S. 1941 §1515).

It is not made certain whether this particular point was called to the attention of the trial judge in connection with defendant's demurrer to plaintiff's evidence, or it may have been that the trial court overruled the demurrer to plaintiff's evidence on the thought that such account was not such an account as would come within the provisions of the Intangible Tax Law. If that was the conclusion, the same was erroneous (68 O. S. 1941 §§1501, 2).

On motion for new trial the judgment should have been vacated for failure to prove compliance with the Intangible Tax Law. It was error to render judgment without that proof. For that error the judgment appealed from must be reversed, though the absence of tax compliance proof was not specifically called to the attention of the trial court.

The plaintiff in order to be entitled to judgment must establish the merits of his case, that is, his debt against the defendant, and in addition thereto must prove compliance with the Intangible Tax Law.

Plaintiff cites Lumbermen's Supply Co. v. Neal, 189 Okla. 544, 119 P. 2d 1017, and Dunlap v. Spencer, 191 Okla. 557, 131 P. 2d 994, and other decisions dealing with claims or accounts which were uncertain or unliquidated. They are not in point because this account or plaintiff's claim against Mayor is not such an unliquidated account.

Plaintiff also cites Stinchcomb v. Harris, 192 Okla. 184, 134 P. 2d 990. It was there held not necessary for plaintiff to allege compliance with the Intangible Tax Law on account of the specific time or dates when plaintiff's account came into existence and the date of plaintiff's action to recover thereon. Same is true as to the decision in Day & Whitt Furniture Co. v. Welbuilt Appliance Corporation, 193 Okla. 69, 141 P. 2d 267.

Nor do we find any support for plaintiff's theory of nontaxability of this account in the decision in Reynolds v. Reynolds, 192 Okla. 564, 137 P. 2d 914, wherein it was held that unpaid installments of child support money were' not subject to such tax.

In McGill v. Cooper Supply Co., 196 Okla. 362, 165 P. 2d 829, this court said:

"The defendants demurred to the evidence of plaintiff on certain specific grounds which did not include the failure of the proof to show payment of the intangible tax, and apparently the matter was not called to the attention of the trial court in any way.·. . ."

That language is specifically applicable to the case at bar and further upon the authority of the McGill case, we repeat that such demurrer did not properly present the question, as under the statute it should have been raised by motion. Whether in this case the plaintiff had properly established compliance with the Intangible Tax Law was a question of law for the court. But it is jurisdictional, and therefore may be raised in this court for the first time. State National Bank v. Wood & Co., 88 Okla. 292, 212 P. 1002, and

582

Boarman v. Home State Bank, 111 Okla. 285, 239 P. 579.

It follows that the rendition of the judgment in the instant case by the trial court was erroneous.

Since the only issue remaining in the case relates to the jurisdiction of the court to render the judgment, the judgment is vacated and the cause remanded with directions to the trial court after hearing upon proper notice to determine such jurisdictional matter, and if plaintiff establishes compliance with the Intangible Tax Law then judgment to be rendered for plaintiff; or upon failure of plaintiff to establish compliance with the Intangible Tax Law, the plaintiff's action to be dismissed as specifically provided by that act.

See Heffermon v. Higdon, 189 Okla. 434, 117 P. 2d 768; Phelps v. Malone, 193 Okla. 239, 142 P. 2d 849; Smith v. Arrow Drilling Co., 191 Okla. 381, 130 P. 2d 95, and Groseclose v. Sutherland, 194 Okla. 479, 153 P. 2d 479.

Since the judgment appealed from is reversed for failure of plaintiff to make proof essential to the jurisdiction of the court to render judgment, the cost of this appeal must be taxed against plaintiff.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, CORN, GIBSON, and ARNOLD, JJ., concur.