SELF et al. v. VICKERY et al.

No. 33332.   May 10, 1949.

Rehearing Denied June 14, 1949.

*207 P. 2d 287.*

W. B. Wall and J. Fred Green, both of Sallisaw, for plaintiffs in error.

Pierce & Pierce and A. L. Brook, all of Muskogee, for defendants in error.

CORN, J.   This is an appeal from separate judgments rendered in favor of plaintiffs in actions brought to recover damages for personal injuries resulting from a collision between a wagon carrying plaintiffs and an automobile owned by the Oil Reclaiming Company, operated by defendant William Henry Self, a minor. The defendants in each case were Floyd Self and William Henry Self, individually, and Floyd Self and S. E. Self, a copartnership doing business as the Oil Reclaiming Company.

Plaintiffs were the individual members of two separate families riding in the wagon struck by the automobile operated by William Henry Self. Sep-

arate actions were filed in behalf of each plaintiff, but the petitions were practically identical, except as to the injuries sustained and the amounts sought to be recovered. By stipulation the cases were consolidated for trial, and separate verdicts were returned by the jury for each plaintiff. Rosie Vickery sued in her own name, while her minor children appear by and through the father, Florine Vickery. Youl Sizemore and Faye Sizemore, husband and wife, sued in their individual capacity, and their minor children appear by and through their father.

The petitions alleged that on the night of October 18, 1945, plaintiffs were traveling west from Sallisaw, Okla., on Highway 64, in a wagon driven by Florine Vickery in a lawful manner, and were struck from the rear by an automobile operated by William Self, at a dangerous speed, making it impossible for him to stop in the assured clear distance ahead, the collision destroying the wagon and throwing plaintiffs upon the ground, thereby causing the injuries for which they sought damages; that their injuries were the direct result of the defendant's careless and negligent action, and that he was at that time driving the car either with permission or implied consent of the other defendants, who were negligent in leaving a car readily accessible to said minor. Further, that he had no driver's license and was not a qualified person to operate a motor vehicle, under the provisions of 47 O. S. 1941 §308; that he was a careless and reckless driver and an automobile in his hands constituted a dangerous instrumentality, all of which was known to the other defendants, who failed to use reasonable diligence to prevent the minor from driving the automobile upon the highway.

Defendants' amended answer was a general denial, and the further defense that plaintiffs' injuries resulted from negligence in driving the wagon upon the highway without a taillight or warning reflector required by law; and that plaintiffs further were negligent in that they were driving the wagon on or to the left of center of the highway at the time of the collision. Plaintiffs' reply was a general denial and upon the issues made the consolidated cases were tried to a jury.

Plaintiffs introduced competent testimony tending to support the allegations of the petition. At the close of all the testimony, the trial court, by agreement of the parties, instructed the jury orally upon the issues of the case and the law applicable thereto, the giving of certain portions of the oral charge being assigned as error. Defendants submitted requested instructions which were refused by the trial court, such action likewise being assigned as error.

The jury returned separate verdicts for each of the nine plaintiffs. Defendants thereafter filed a motion for new trial, and a motion for judgment notwithstanding the verdict, insofar as same affected S. E. Self, individually, and Floyd and S. E. Self, doing business as the Oil Reclaiming Company, a copartnership. This motion was sustained as to these defendants, but overruled insofar as it affected the minor defendant and Floyd Self, his father, and judgments were rendered against these two defendants upon the jury's verdict.

Defendants present eleven assignments of error for reversal of these judgments, two of which admittedly are abandoned. The argument in behalf of the remaining assignments is based upon error alleged in the giving of certain instructions, in refusing defendants' requested instructions, and in overruling defendants' demurrer to plaintiffs' evidence. The appeal brief bases this argument upon the weight of the evidence as applied to defendants' demurrer to the evidence and motion for directed verdict.

The record reveals that at the close of plaintiffs' evidence the defendants demurred thereto upon the ground there was a failure to make out a case

against defendants. This demurrer was overruled and defendants proceeded to put on their evidence. The record does not reflect that they at any time renewed their demurrer to plaintiffs' evidence, or moved the court for a directed verdict. The jury considered the cases upon the issues raised, and under the trial court's instructions, and returned separate verdicts for each plaintiff.

Under this record we are precluded from inquiring into the weight of the evidence, or the sufficiency thereof to sustain the jury's verdict. The rule expressed in Marland Refining Co. v. Harrel, 167 Okla. 548, 31 P. 2d 121, is adhered to in this jurisdiction. Paragraph 1 of the syllabus states:

"If a defendant, after its demurrer to the evidence of the plaintiff has been overruled, does not stand upon the demurrer but puts in its evidence, it waives the demurrer, and if it does not move for a directed verdict after the parties have finally rested, it cannot urge against an adverse verdict that the evidence was insufficient to establish a cause of action in favor of plaintiff."

To the same effect see Bolon v. Smith, 170 Okla. 407, 40 P. 2d 677, and cases cited therein.

We have carefully examined the trial court's instructions, as well as defendants' requested instructions, and believe those given fairly stated the law applicable to the issues presented for consideration, and likewise covered such of defendants' requested instructions as were proper under the evidence.

In this connection we point out that no error resulted from the instruction given to the effect that if Floyd Self, as manager, gave defendant permission to use the company car, then as a copartner in charge of the company affairs, the grandmother, S. E. Self, was bound by such agency. It was shown that the company was no longer in business and upon this basis the trial court sustained defendants' mo-

tion for judgment notwithstanding the verdict, insofar as the verdicts rendered affected S. E. Self, individually, and S. E. and Floyd Self as copartners doing business as the Oil Reclaiming Company.

Judgment affirmed.

DAVISON, C.J., and WELCH, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur. ARNOLD, V.C.J., dissents.

Rehearing Denied June 14, 1949.