JONES v. C. L. FRATES & CO.

No. 33786.   July 5, 1950.

*220 P. 2d 243.*

Sam S. Gill, of Oklahoma City, for plaintiff in error.

Looney, Watts, Ross, Looney & Smith, of Oklahoma City, for defendant in error.

HALLEY, J. This is an action by C. L. Frates & Company, a copartnership, against L. C. Jones, d/b/a L. C. Jones Truck Company, and Traders & General Insurance Company, a corporation, to recover insurance premiums alleged to be due by L. C. Jones for policies secured by C. L. Frates & Company, herein referred to as "Insurance Agency", from Traders & General Insurance Company, herein referred to as "Insurance Company".

L. C. Jones operated a trucking business with headquarters in Oklahoma, but operating also in several other states. The insurance policies covered, among other things, Workmen's Compensation. L. C. Jones admitted that he owed the Insurance Agency the premium sued for, $2,725.54, except a credit of $873.61. This credit he claimed

to be entitled to under the terms of an oral agreement with E. H. Gilbert, a former partner in the Insurance Agency. This disputed credit, claimed by L. C. Jones and denied by the Insurance Agency, appears to have arisen by reason of the fact that the premium rates for insurance in some states in which Jones operated were lower than the rates charged in Oklahoma for the same coverage, and the agreement was that Jones would pay the higher Oklahoma rate, and the Insurance Agency would then allow him a flat credit or discount of $100 per month on premiums due, in addition to the graded premium discount based upon the volume and expressly provided for in the insurance policy. He also claimed that he had been allowed this $100 per month for the policy year ending in 1945, and was promised the same discount for the policy year ending in 1946.

Before the case was called for trial, the plaintiff asked permission to amend its petition to allege compliance with the Intangible Tax Law. This permission was granted, and L. C. Jones admitted the payment of such tax during the trial.

The court heard the evidence and found for the plaintiff in the amount sued for. No judgment was entered as to the Insurance Company, and it is not a party to this appeal.

L. C. Jones contends that the court erred in permitting the Insurance Agency to amend its petition to allege compliance with the Intangible Tax Law. There is no merit in this contention. This court has held many times that the trial court may properly permit such amendments. This ruling appears to be based upon the theory that the requirement of alleging and proving such compliance is for the purpose of compelling the payment of intangible taxes, and not as a penalty upon the taxpayer. Smith v. Arrow Trading Co., 191 Okla. 381, 130 P. 2d 95. In Hynds v. City of Ada, 195 Okla. 465, 158 P. 2d 907, the plaintiff made no allegation of compliance but proved compliance without objection on the part of the defendant, and this court held that the pleadings would be considered amended to conform to the proof. In the present case, L. C. Jones admitted payment after the petition had been amended to allege compliance with the law.

L. C. Jones claims that there is not sufficient evidence to sustain the judgment of the trial court. He admits the correctness of the account, but claims that he is entitled to a credit or discount of $873.61 under the oral agreement above mentioned, on account of the differential in rates charged in Oklahoma and in other states in which he did business, in addition to the volume discount provided for in the policy. He claimed that the differential in rates was agreed upon as amounting to about $100 per month. He further contends that the $100 discount claimed was to be in addition to the graded premium reduction or discount based upon the volume of premiums paid each month. He also contends that the $100 discount was allowed and recognized for the policy year ending in 1945, and that the insurance agency is therefore estopped to deny that it was applicable to the policy year ending in 1946.

The testimony of L. C. Jones, Joe Fitch, his bookkeeper, and E. H. Gilbert was offered in support of the oral agreement claimed. However, three witnesses for the Insurance Agency, Frates, Kraft, and Miller, all denied that the oral agreement above mentioned was made with L. C. Jones. Plaintiff produced testimony to the effect that the $100 per month allowed Jones was to be charged against the regular premium discount allowed by the policy, and not in addition thereto as contended by him. There was some testimony tending to impeach the former partner, Gilbert, who is alleged to have made the oral agreement relied upon by Jones. It was for the trial court to weigh the evidence. A careful examination of the evidence convinces us

that there was evidence reasonably tending to support the judgment of the trial court.

It is a well established rule in this state that in a law action tried to the court, the findings and judgment of the court are entitled to the same weight as the verdict of a jury, and will not be disturbed on appeal if there is any competent evidence in the record to support such judgment. In the recent case of Jones v. Spencer, 197 Okla. 608, 173 P. 2d 745, it was said:

"This is an action of legal cognizance triable to a jury, 12 O. S. 1941 §556, in which a jury was waived, and we are not at liberty to disturb the finding of the court if there is any evidence reasonably tending to support the same. Hobbs v. McGhee, 100 Okla. 210, 229 P. 240. And the queston of the credibility of the witnesses and the weight to be given their testimony was one to be determined by the trial court. Beams v. Step, 116 Okla. 291, 244 P. 775."

In Ealy v. G.M.A.C., 169 Okla. 95, 36 P. 2d 4, in the third syllabus, it is said:

"Where a jury is waived, and issues, both of law and fact, are submitted to the trial court, its finding will not be disturbed by the Supreme Court if there is any evidence tending to support the same."

At the close of the evidence, L. C. Jones requested leave to amend his answer, and requested an accounting against the Insurance Agency. No such request had been made in the pleadings nor in the motion for new trial. Under such circumstances, this court finds no error in the action of the trial court in proceeding to render judgment, despite the request of L. C. Jones for an audit of his payroll records prior to the rendition of judgment in this action, because such issue was not raised by the pleadings or the evidence during the trial, nor in the motion of L. C. Jones for a new trial.

The judgment of the trial court is affirmed.

ARNOLD, V. C. J., and WELCH, CORN, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.