## LEWIS v. BOICE.

No. 33871. Nov. 28, 1950.

Rehearing Denied Feb. 27, 1951.

Second Petition for Rehearing
Denied Oct. 16, 1951.

*236 P. 2d 258.*

John B. Ogden, Oklahoma City, and Joe B. Thompson and Joseph M. Culp, Ardmore, for plaintiff in error.

Champion, Fischl & Champion, Ardmore, for defendant in error.

HALLEY, J. The parties will be referred to by name or according to the positions they occupied in the trial court.

Plaintiff filed suit to recover $2,375 for work done in the drilling of an oil well for defendant by his crew and machine between May 18 and June 2, 1947, at $160 for each 24 hours. The defendant filed a cross-petition. The case was tried to a jury and a verdict was rendered for the plaintiff for $2,373.32. The defendant appealed.

The defendant urges two propositions for reversal. The first is that the intangible tax was not paid at the time that judgment was taken; and the second is that the verdict was not supported by the evidence.

As to Proposition One, it appears that this case was filed on September 17, 1947. At that time plaintiff's claim was not subject to be listed for intangible tax and the earliest time for listing would be January 1, 1948. We held in Rutter v. Heatley, 198 Okla. 591, 180 P. 2d 822, that the taxable status of a claim is determined as of the time the action was commenced, and that where the work was done on September 7, 1943, suit filed ten days later, and judgment appealed from entered December 11, 1945, the plaintiff need not allege and prove payment of intangible tax nor excuse nonpayment as provided in 68 O.S. 1941 §1515. There is no substantial difference between that case and the case at bar, where at the time suit was brought no intangible tax was due. The defendant's contention on this point must be denied.

As to the second proposition, that the verdict was contrary to and not sustained by the evidence, the defendant is without grounds for reversal, because he did not move for a directed verdict at the close of all the evidence. Bolon v. Smith, 170 Okla. 407, 40 P. 2d 677; Marland Refining Co. v. Harrel, 167 Okla. 548, 31 P. 2d 121; Self v. Vickery, 201 Okla. 492, 207 P. 2d 287.

The judgment of the trial court is affirmed.

The plaintiff asks for judgment on the supersedeas bond filed in the trial court, a copy of which is incorporated in the case-made.

It is therefore ordered, adjudged and decreed by this court that the plaintiff, B. E. Boice, have and recover from the defendant, J. D. Lewis, and from Hartford Accident & Indemnity Company, the surety on his supersedeas bond, the sum of $2,373.32, with interest thereon at the rate of 6 per cent per annum from April 19, 1948, until paid, together with an attorney's fee of $300, and all costs.

DAVISON, C.J., ARNOLD, V.C.J., and GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur. WELCH and CORN, JJ., dissent.

WELCH, J. (dissenting). The majority opinion assumes that plaintiff's claim or account was such an account as to constitute intangible personal property, as defined by the statute, 68 O. S. 1941 §1501, and to be subject to taxation under sections 1502 and 1507 of the same title, and for the purpose of this dissent I indulge the same assumption.

This account came into existence in 1947, and was first subject to being listed for intangible taxes on January 1, 1948, as set out in the majority opinion. The listing should have been done between January 1, and March 15, 1948. 68 O. S. 1941 §1507, as amended in 1945.

Plaintiff had filed suit on this account in September, 1947, and verdict was returned and judgment rendered for plaintiff on April 19, 1948, and the effect of the majority opinion is to hold that since plaintiff filed suit on this account in 1947, he was relieved of any duty to assess this account for intangible tax in 1948, or, at least, was relieved of any necessity to prove such compliance with the Intangible Tax Law before obtaining judgment on his account.

However, the statute, 68 O. S. 1941 §1515, directs the trial court, on its own motion, without necessity of pleading by either party, to require compliance with the Intangible Tax Law in any suit for the collection of any such account. The statute requiring such compliance before obtaining judgment is mandatory, and we have held that it is error for the trial court to render judgment for plaintiff in the absence of such compliance. McGill v. Cooper Supply Co., 196 Okla. 362, 165 P. 2d 829.

As I view the rule of the majority opinion it is to say that if suit is filed on any such intangible personal property before the assessment date next after it came into existence, then, although the action might pend for years, the plaintiff might obtain his judgment without showing compliance with the Intangible Tax Law during those intervening years. I think that rule violates the statutes involved.

It is conceded that this account would have been such as to require a listing for intangible taxes on January 1, 1948, if no suit had been filed thereon.

I see no reason why plaintiff's filing suit would change that requirement. I think it is our duty in compliance with the statute involved to hold that this plaintiff must have shown compliance with this statute before he was entitled to judgment, or before the court was privileged to render judgment on this account subject to such tax.

The plaintiff might have shown compliance with these tax statutes in connection with the hearing on the motion for new trial when the matter was specifically urged before the trial court. For that matter, such compliance might be had even after appeal to this court, according to our holding in McGill v. Cooper Supply Co., supra; Mayor v. Bennett, 199 Okla. 579, 189 P. 2d 186; Mead v. Hellams, 200 Okla. 381, 194 P. 2d 603; Edmonds v. White, 203 Okla. 231, 219 P. 2d 1007; Edmonds v. White (Second Appeal) 203 Okla. 645, 225 P. 2d 358, and other cases.

We should not relieve plaintiff from all compliance whatever merely because he filed his suit at the time heretofore mentioned, and I think it our duty to overrule Rutter v. Heatley, 198

Okla. 591, 180 P. 2d 822, insofar as it conflicts with this view.

As to whether the owner of such an intangible should assess it and pay the tax and make proof thereof for any years intervening between filing suit to collect it, and the rendition of judgment thereon, the exact point has not been expressly passed upon by this court. However, this court and trial courts in the state have held or implied that such a logical conclusion is the law.

In Smith v. Arrow Drilling Co., 191 Okla. 381, 130 P. 2d 95, opinion by Gibson, J., suit was commenced prior to the passage of the Intangible Tax Law. The opinion does not disclose, but evidently the cause was not tried and judgment was not entered until after that tax law became effective, as there was motion to dismiss for failure to show compliance, whereupon it appears that plaintiff amended his pleadings to allege assessment and payment of all intangible taxes for the years subsequent to such enactment and before judgment and proof thereof was made at the trial. This would indicate that judgment was rendered more than two years after the Intangible Tax Law became effective and applicable to this debt, though it was pending in suit. This court held it was not error to permit plaintiff to so amend his petition and to make proof of assessment and tax payment during the intervening years.

In Phelps v. Malone, 193 Okla. 239, 142 P. 2d 849, Per Curiam, the court held in paragraph 1 of the syllabus as follows:

"Where, at the time the action is filed, the property involved in the suit is not subject to listing under the provisions of 68 O. S. 1941 §1501 et seq., and prior to the time of the trial a listing period occurs and at the time of the trial the plaintiff proves a compliance with the terms of said act, it will be presumed that the pleadings were amended to meet the proof."

Note dated March 3, 1941, suit filed in J. P. court November 16, 1941, judgment rendered in J. P. court in November, 1941, appeal filed in common pleas court November 29, 1941. Plaintiff apparently made no allegation as to the Intangible Tax Law. On trial de novo in court of common pleas, on March 16, 1942, plaintiff proved that he had assessed note which could only have been proof of an assessment between January 1, and March 15, 1942. In the body of the opinion the court said:

"Two specifications of error are presented. It is first argued that the pleadings of the plaintiff are insufficient for the reason that there is no allegation that there has been a compliance with the Intangible Property Tax Law, 68 O. S. 1941 §1501 et seq. We are of the opinion and hold that the alleged error is controlled by the case of Stinchcomb v. Harris, 192 Okla. 184, 134 P. 2d 990, wherein a similar set of facts was considered. Therein we held that where at the time of the filing of the petition no period for the rendering of the assessment for intangible property had occurred, it was not necessary to allege in the petition that the property had been assessed under the Intangible Property Tax Law. 68 O.S. 1941 §1501 et seq. Therein, as in the case at bar, there was an intervening period for assessment prior to the time of trial. Additionally, when the case at bar came on for trial the plaintiff proved that the instrument in question had been assessed under the Intangible Property Tax Law, supra. In such case it will be assumed that the pleadings were amended to meet the proof. Chicago, R. I. & P. R. Co. v. Richerson, 185 Okla. 560, 94 P. 2d 934."

In Groseclose v. Sutherland, 194 Okla. 479, 153 P. 2d 479, opinion by Riley, J., it was held in paragraphs 3 and 4 of the syllabus as follows:

"Where the uncontradicted evidence is that a promissory note owned by the plaintiff has been returned for taxation under the Intangible Personal Property Tax Law, for the year or years for which it is taxable, and that all taxes have been paid, the question of compliance with said law is a question of

law for the court and not one for the jury.

"A promissory note executed and delivered September 4, 1940, was not returnable for taxation under section 1502, Title 68 O. S. 1941, until January 1, 1941, and where such note became due and suit was commenced thereon before January 1, 1941, and trial was not had until one or more years after January 1, 1941, it is not error to permit the plaintiff, at the trial, to amend his petition so as to allege compliance with said law and prove return for taxation and payment of the tax on the note for the year 1941 and subsequent years."

In Cullison v. Riney, 201 Okla. 441, 206 P. 2d 1143, opinion by Johnson, J., the court held in the single paragraph of the syllabus as follows:

"Whether the intangible tax has been paid is a question for the court and where the court's judgment is sustained by the evidence the same will not be reversed on appeal."

The opinion does not disclose any dates, but the record shows that on a debt which came into existence on July 1, 1946, or November 18, 1946, plaintiff filed suit December 17, 1946. Plaintiff alleged that he "has complied with the Intangible Property Tax Law with respect to said indebtedness. Paid in Washington County, Oklahoma." (Though it is obvious he could not then have made any compliance because no assessing period had arrived after the debt came into existence.) On trial of the case March 22, 1948, it was contended that plaintiff must prove listing and payment for 1947, and a listing for 1948. Plaintiff actually made that proof and this court held that the evidence thereon was sufficient.

In Jone v. Frates, 203 Okla. 261, 220 P. 2d 243, opinion by Halley, J., the court held in paragraph 1 of the syllabus as follows:

"In an action on an account subject to Intangible Tax Law, it is not error for the trial court to permit plaintiff to amend petition to allege compliance with such law."

The opinion shows no dates as to when the debt came into existence, or when the suit was filed or when the trial was held. It merely shows that before trial the plaintiff asked and obtained permission to amend his petition to allege compliance.

In Edmonds v. White, 203 Okla. 231, 219 P. 2d 1007, we reversed and remanded for lack of showing of compliance with this Intangible Tax Law. Upon the subsequent hearing in the trial court the plaintiff made proof of compliance during the years while suit was pending and we approved that on the second appeal of the same case decided December 12, 1950.

Thus it is demonstrated that attorneys and trial courts in the state appreciate the need of showing such tax compliance for any years that intervene between filing suit and taking judgment, and it seems to me this court is in effect committed to the rule. In my view the rule is sound, logical and correct.

I am authorized to show that CORN, J., concurs in these views.