### SHACKLETON v. COMMERCIAL LUMBER CO.

No. 27914.    March 8, 1938.

E. M. Connor, for plaintiff in error.

Donald L. Brown, for defendant in error.

PHELPS, J. This was an action by a

lumber company against a house building contractor. The suit was on an open account, for lumber furnished the defendant contractor in the building of a house for the owner thereof. The owner was not involved in the case. The defendant contractor filed a cross-petition against the plaintiff lumber company, contending that he was a partner with the lumber company in the project and that, conceding the unpaid balance of the lumber bill, if the total profits were computed and divided, his share thereof would exceed the remaining balance due on the lumber bill. He then prayed for the recovery of said excess amount.

At trial of the case before a jury the trial judge sustained plaintiff's motion for a directed verdict on plaintiff's cause of action, and also sustained plaintiff's demurrer to defendant's evidence on his cross-petition alleging the existence of a partnership as outlined above. In appealing, the defendant complains of those rulings by the trial judge.

That there is but one question in the case is apparently conceded by the defendant, whose sole contention, reduced to its substance, is that there was sufficient evidence presented by him to make an issue of fact on the question of the existence of a partnership between him and the plaintiff lumber company, and that therefore the trial judge erred in sustaining plaintiff's demurrer to his evidence. Unless the trial judge erred in this respect the judgment is correct, for there is no contention that without the partnership issue the plaintiff was not entitled to recover the amount sued for.

The evidence reveals that the owner of the property would not accept the defendant alone on the building contract, but that he was willing to enter into such a contract with the defendant and plaintiff lumber company named jointly as the builders of the dwelling to be erected. Such a written contract was executed, and if the owner, who was the other party to the contract, were here contending that the lumber company was estopped to deny partnership with defendant, we would have a different question. The defendant, however, does not base his claim on the written contract, but contends that his partnership with the lumber company was the result of an oral contract between them.

The record fails to present any evidence which would have warranted the trial judge in submitting such issue to the jury. The only reasonable inference deducible from the evidence is that, as between the two of them, the lumber company was merely in the position of guarantor to the defendant and was to furnish defendant the lumber or other materials with which defendant built the house. Defendant was to pay the lumber company for said materials, according to a price list furnished him in advance by the company, and was to take all of the profits, if any, resulting from the construction. The plaintiff lumber company had no right to share in said profits, and neither it nor the defendant ever proceeded on any such assumption. In fact, the defendant testified that he never had any agreement with the lumber company that it would take any part of his profits. It is true, however, that he also testified that if he had made a certain named figure as profit, he "would have considered" the company entitled to one-half of it under the circumstances, but such statement was merely a conclusion, made for the first time from the witness stand. It is clear that the rights of the parties are to be measured by their contract, and that conclusions of the defendant as to whether he would have divided the profits are not binding on the other party in the absence of a legal or contractual obligation to divide them.

We have not overlooked the possibility that a partnership agreement may be implied, and that it need not necessarily be proved by express contract. Careful search of the record, however, fails to reveal any circumstances tending to raise that issue. The simple absence of such evidence renders further discussion of the question impossible. Directly to the contrary, the defendant himself testified that the only purpose the lumber company had in signing the contract was to guarantee his faithful performance thereof. The facts of the case are singularly like those in Commercial Lumber Company v. Nelson, 181 Okla. 122, 72 P.2d 829, 830, wherein it was held that not even a joint adventure had been shown to exist. A man by the name of McKinney was the contractor in that case. It was said:

"It appears from the evidence that the sole consideration for the guarantee of the contract on the part of the lumber company was the profit which it might make on the sale of lumber and materials to McKinney and not any of the profits in the building venture itself. It will thus be noted that the consideration moving to the lumber company for its guarantee was in the nature of a premium and not a participation with McKinney in any profits which might accrue from the contract."

Partnership is the association of two or more persons for the purpose of carrying on business together, and dividing its profits

between them. Section 11624, O. S. 1931, 54 Okla. St. Ann. sec. 1.

As between the plaintiff and defendant, if there was any intention to form a partnership or to participate in a joint venture, it sprang only from an oral or implied agreement to that effect, since they agree that the written contract with the owner did not have that effect as between them. But where the parties to a contract alone are concerned, a copartnership is not created except where the parties so intend it, by a voluntary agreement to that effect. Municipal Paving Co. v. Herring, 50 Okla. 470, 150 P. 1067.

There being no evidence to support such alleged agreement, the facts in the case on this question were the same as undisputed and, as said in McCoy & Sons v. First Nat. Bank, etc., 123 Okla. 170, 252 P. 404, and Whitney v. Harris, 169 Okla. 288, 36 P.2d 872, the existence of a partnership is a question of law for determination by the court if the facts are undisputed.

It follows that the judgment should be affirmed. It is so ordered, and judgment is entered on the supersedeas bond in favor of defendant in error as requested in its brief.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and HURST, JJ., concur.