### SPLANE v. OKLAHOMA TAX COMMISSION.

*99 P. 2d 120.*

No. 29066.  Jan. 23, 1940.

Rehearing Denied Feb. 13, 1940.

Conner & Winters, of Tulsa, for plaintiff in error.

Dick Jones, of Okemah, and A. L. Herr and Wendell Barnes, both of Oklahoma City, for defendant in error.

WELCH, V. C. J.  This appeal presents the question of whether the 1935 income tax law requires payment of a tax by a resident of this state on income from stocks and bonds which have been assigned in trust, the trustee and the corpus of the trust estate being located in another state.

The facts are stipulated and show that the taxpayer's father died testate in 1926, while a resident of Pennsylvania. The decedent, by will, created a trust estate in Pennsylvania for a five-year period, after that period the taxpayer continued or renewed the trust, which provided in effect that the trustee own the legal title to certain properties and manage and control the same, remitting the net proceeds to the taxpayer. The income herein involved is derived from certain stocks and bonds upon which no tax has been paid in this state.

The taxpayer asserts here that he does not question the power of the state to tax such income, but it is his position no such tax is imposed by present law. Our problem, then, is one of construction of the applicable statutes. Section 6, art. 6, ch. 66, S. L. 1935, 68 Okla. St. Ann. § 876, provides in part as follows:

"A tax is hereby levied upon every

person as defined in section 4 (b), which tax shall be collected and paid, for each taxable year, upon, and with respect to, the entire net income of such person, which is derived from all property owned and/or business transacted within this state. And a like tax is hereby levied upon every person as defined in section 4 (b), which tax shall be collected and paid for each taxable year, upon, and with respect to, the entire net income of such person which is derived from all property owned partly within and partly without this state and/or business done partly within and partly without this state (commonly known as interstate business), such income derived from property owned partly within and partly without this state and/or business transacted partly within and partly without this state, upon which said tax is hereby levied, to be determined or allocated under the formula or formulae as provided in section 8 of this Act. * * *"

Section 5, art. 6, ch. 66, S. L. 1935, 68 Okla. St. Ann. § 875, provides:

"The term 'property owned,' as used in section 6, shall, for the purpose of this act, include the classes of property hereinafter enumerated in this section, and a taxable situs within the state of Oklahoma is hereby declared to exist with respect to the following:

" '(1) All obligations (or other evidences of debt), whether owned by a resident or by a nonresident, when the same are secured by mortgages or liens upon real or tangible personal property located within this state, including bonds of the state or of its municipal or political subdivisions; and, when owned by a resident.

" '(2) All unsecured obligations (or other evidences of debt), all obligations or debts secured by mortgages or liens upon property located here or elsewhere, all stocks in any corporation and bonds of any state or municipal or political subdivision thereof.' "

The taxpayer asserts:

"This appeal is based squarely upon the proposition that the income to Howard S. Splane during the year 1935 from the Oil City Trust Company, trustee, was not income derived from property owned and/or business transacted within the state of Oklahoma within the intent and contemplation of section 6 of the 1935 Act. The property which produced the income to the plaintiff in error was not property within the state of Oklahoma, but was property owned and having a business situs within the state of Pennsylvania. We assert that the intent of the Legislature, as set out in section 6 of the 1935 Act, is clear and unambiguous."

The Tax Commission asserts:

"Plaintiff in error, being a resident of this state, and the income received by him from the trust here involved being income from an intangible source, is taxable to him in this state, under paragraph 2 of section 5 of the act."

And:

"It is our contention that under the express provision of subdivision (2) of said section, the income here involved is clearly taxable by this state. This subdivision clearly levies and assesses a tax against a resident of this state upon all income derived by him from all unsecured obligations or other evidences of debt, whether located here or elsewhere.

"The Income Tax Act in question classifies, for the purpose of income taxation, tangible and intangible property. It places in one class tangible property, and in the other class intangible property. As to income derived from intangible property or intangible sources, a resident individual is assessed upon the entire income derived from such property, regardless of the place where such property is located or kept. While income from tangible sources can only be assessed when such income is derived from property owned or business transacted within this state. * * *"

Citing Colchensky v. Oklahoma Tax Commission, 184 Okla. 207, 86 P. 2d 329. Section 5, supra, provides that a taxable situs within the state of Oklahoma is declared to exist with respect to all stocks in any corporation and all obligations, secured and unsecured. We have no doubt that thereunder, had this income come to the resident taxpayer directly from his stocks and bonds without the intermediary of the trust here shown, the same would be clearly taxable.

Should, then, the mere assignment of the legal title of the stocks and bonds,

in trust, retaining the equitable or beneficial title to the same and the full title to the net income therefrom, operate to defeat the payment of the tax? No authorities are given us which appear persuasive of an affirmative answer, and we hold that the assignment does not have the effect of relieving the income of such tax. Our views in that regard have some support in Maguire v. Trefry, Tax Com., 253 U. S. 12.

The cases of Safe Deposit & Trust Co. v. Commonwealth of Virginia, 280 U. S. 83, 74 L. Ed. 180, 50 S. Ct. 59; Deganay v. Lederer, 250 U. S. 376, 63 L. Ed. 1043, 39 S. Ct. 524; Hill v. Carter, 47 F. 2d 869, and others to the same general effect, which lend support to the taxpayer's view that the situs of the corpus of the property here is in Pennsylvania, and therefore the income therefrom is not derived from "property owned" in this state, can have no controlling force in our consideration here, in view of the express provisions of section 5, supra.

The order of the Tax Commission is affirmed.

BAYLESS, C. J., and CORN, GIBSON, and DAVISON, JJ., concur.