SUTHERLAND v. GROSECLOSE.

No. 30748. Feb. 9, 1943.

*133 P. 2d 888.*

Leslie D. Ringer, of Oklahoma City, for plaintiff in error.

Hugh M. Bland, of Ft. Smith, Ark., for defendant in error.

PER CURIAM. This is an appeal from a judgment of the court of common pleas of Oklahoma county which sustained a motion to dismiss.

The sole issue involved is one of law. On April 1, 1940, Jack Sutherland, hereinafter referred to as plaintiff, and Myron Groseclose, hereinafter referred to as defendant, formed a partnership for the purpose of engaging in business as general contractors. The arrangement proved unsatisfactory, and on September 4, 1940, the parties by mutual consent dissolved the partnership and the defendant bought the interest of the plaintiff therein. The defendant paid part of the purchase price in cash and gave two notes to represent the balance of such purchase price. One of the notes so given was paid in due course and the remaining note, which fell due on November 4, 1940, was not paid, whereupon plaintiff instituted the instant action thereon. The defendant filed an answer which constituted a general denial, a plea of payment and a plea to the jurisdiction based on the ground that the action was one involving a partnership transaction. Reply was a general denial and a specific denial of the allegation relative to the partnership transaction. The parties waived a jury and tried the cause to the court. The sole evidence introduced was that of plaintiff, which established a prima facie case in his favor. The court sustained a motion to dismiss on the theory that such action was an action by one partner against the other partner and entered judgment for the defendant. The sole error here presented is the order of the trial court which sustained the motion to dismiss of defendant. Plaintiff's contention that such ruling

was erroneous is well taken and must be sustained.

As between partners a partnership is created and exists only as the result of a mutual agreement to that effect. Shackelton v. Commercial Lumber Co., 182 Okla. 211, 77 P. 2d 60. Where a partnership has been created by mutual agreement of the partners, it may be dissolved by like agreement. 40 Am. Jur. § 235. As between partners a settlement of their partnership affairs effected by mutual consent is conclusive upon them in the absence of fraud or mistake clearly established. Ault v. Page, 82 Okla. 168, 198 P. 991. The note upon which plaintiff sought to recover was clearly the individual obligation of the defendant and in no wise a partnership transaction, and therefore the case of Cobb v. Martin, 32 Okla. 588, 123 P. 422, and similar cases cited by defendant which involved partnership transactions, are wholly inapplicable. Defendant's motion to dismiss was improperly sustained. On account of the error in so doing the cause is reversed and remanded for further proceedings consistent with the views herein expressed.

Reversed, with directions.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.