GROSECLOSE, v. SUTHERLAND.

No. 31487. Nov. 14, 1944.

*153 P. 2d 479.*

Hugh M. Bland, of Ft. Smith, Ark., for plaintiff in error.

Leslie D. Ringer, of Oklahoma City, for defendant in error.

RILEY, J. This is an action on a promissory note in the principal sum of $300. Defendant in error was plaintiff below, and the parties will be referred to herein as in the trial court.

The note sued upon is dated September 4, 1940, and was due November 4, 1940. Suit was commenced December 2, 1940. The petition, as originally filed, did not include an allegation that the note had been returned for taxation and the taxes paid as provided in the intangible property tax law, Title 68, sec. 1515, O. S. 1941.

Defendant filed his answer, consisting of a general denial, a plea of payment, and an allegation that the note grew out of a partnership transaction between plaintiff and defendant and that the partnership had not been dissolved and no legal accounting had been had.

The reply was by general denial and specific denial of the allegations relative to a partnership transaction.

Trial was had to the court without a jury. At that trial, the court sustained a demurrer to plaintiff's evidence and dismissed the action on the theory that the action was by one partner against another. Plaintiff appealed and judgment was reversed with directions to grant a new trial. Sutherland v. Groseclose, 192 Okla. 58, 133 P. 2d 888. Thereafter, April 12, 1943, the cause again came on for trial before a jury. During the trial, plaintiff asked and was granted leave to amend his petition so as to allege:

"This obligation has been returned and taxes thereon due paid for all years under Oklahoma Intangible Tax Law— for 1941, on Jan. 1, 1942, and Jan. 1, 1943. Pltf. was a nonresident of Oklahoma."

Verdict and judgment were for plaintiff, and defendant appeals. The assignments of error are presented under three propositions. · The first is that the court erred in holding as a matter of law that the note had been returned for intangible tax as required by law and in permitting plaintiff to amend his petition to so show. ·

Plaintiff testified that on January 1, 1941, he was domiciled in McAlester, Okla.; that he returned the note sued upon for intangible tax at that place for that year; that three days before the trial, he had the county treasurer of Oklahoma county compute the amount of intangible tax for the year 1941; that the county treasurer advised him that the amount then due was $1.61; that he bought a post office money order for said sum and mailed it to the county treasurer of Pittsburg county. He further testified that on January 1, 1942, he was a resident of the State of Texas, and on January 1, 1943, he was a resident of the State of Alabama, and that he did not return said note for intangible tax in this state for the years 1942 and 1943. This testimony was not denied nor contradicted in any way.

Defendant requested the court to instruct the jury that compliance with the intangible tax law must be alleged and proved, and that if the jury should find from the evidence that this law had not been complied with and taxes paid on the note for the years 1941 and 1942, "or that plaintiff comes under an exception of this statute as being a nonresident of the State of Oklahoma, then in that event you must find for the defendant." The court denied the request and defendant contends that the court erred. There was no error in refusing the instruction as requested, particularly with reference to the last clause. There was no contention that plaintiff came under any exemption as to the year 1941. The uncontradicted evidence was that he had returned the note and paid the tax for that year. If plaintiff came under the exemption for the year 1942 as being a nonresident, that fact did not require a verdict for defendant. Under the record, the note was not taxable for the years 1942 and 1943. Title 68, sec. 1504, O. S. 1941. Said section provides that all intangible

personal property, as defined in section 1501, shall be deemed to have a taxable situs in this state where such property is owned by an individual resident of this state or if owned by a nonresident individual when such property has acquired a business situs in Oklahoma.

Business situs at which intangible personal property is taxable is defined as meaning a place other than the owner's domicile where the owner, through agent or manager, is conducting business from which credits or open accounts grow and are used as a part of agency's business, and does not cover mere transitory presence in the state or merely temporary or isolated transactions, nor for mere presence or safekeeping or collection by an agent or attorney. 5 Words and Phrases, Perm. Ed., p. 1046; Kahan v. Schonwald, 192 Okla. 307, 135 P. 2d 971.

In order to constitute a business situs where intangible property is taxable, other than the owner's domicile, it must be shown that possession and control of the property has been localized in some independent business or investment away from the owner's domicile so that its substantial use and value primarily attaches to and becomes an asset of the outside business. Grieves v. State ex rel. County Attorney, 168 Okla. 642, 35 P. 2d 454; Kahan v. Schonwald, supra. There was no such showing as to the note sued upon as to the years 1942 and 1943 and the uncontradicted evidence is that plaintiff was a nonresident of the State of Oklahoma during said years. The question was one of law for the court and there was no error in refusing to submit the question to the jury. Day & Whit Furniture Co., v. Wel-Bilt Appliance Corporation, 193 Okla. 69, 141 P. 2d 267. There was no error in allowing plaintiff to amend the petition so as to allege compliance with the intangible property tax law for the year 1941. Smith v. Arrow Drilling Co., 191 Okla. 381, 130 P. 2d 95.

It is next contended that the court erred in instructing the jury to the effect that evidence concerning the alleged partnership had been admitted only for the purpose of aiding the jury in determining whether or not the note in question was given for the purchase of the interest of plaintiff in the partnership property and should be considered by the jury for that purpose only, and in further instructing the jury that if they should find that by mutual consent of the partners the partnership was dissolved and that the note sued upon was given to represent a part of the purchase price of the interest of plaintiff in the partnership property, such note was an obligation of the party giving it and might be enforced in an action brought for that purpose.

There was no issue between the parties as to whether a partnership between them had at one time existed. Both parties admitted that such a partnership had existed.

Plaintiff's position is that the partnership was dissolved and that the note was given by defendant as a part of the purchase price of plaintiff's interest in the partnership property. Defendant contends that because the partnership was a going concern at the time the note was given, it was a partnership transaction, and that the note could not be sued upon except in connection with an accounting of the partnership affairs. In the former appeal, this court held, based upon the testimony of plaintiff, that the note in question was the individual obligation of defendant and in no wise a partnership transaction. Sutherland v. Groseclose, supra. Plaintiff testified that the partnership was dissolved on the date the note was executed, September 4, 1940; that the partnership was dissolved by defendant purchasing plaintiff's interest in the partnership; that he paid in cash and gave two notes of $300 each as the remainder of the purchase price; that one of the notes had been paid, and that the other is the note sued upon. Defendant testified, in substance, (C.-M. 71) that all the equipment of the partnership was owned in equal shares; that when plaintiff was transferred to McAlester,

he wanted to get out ·of the partnership; that plaintiff wanted to get his money gack and that defendant held some notes against plaintiff, which he surrendered, and that it took these two notes to make enough money. "That is what these notes are for, to take up the ownership of that equipment." The notes referred to included the $300 note sued upon. The equipment for which the notes were given was all the property the partnership owned. On the question of dissolution of the partnership and disposition of the partnership property, the testimony of defendant does not materially differ from that of plaintiff.

Defendant contends that because he testified that the partneship was a going concern at the time the note was given, it must be considered as a partnership transaction. Such is not the law. Where a partnership is ·terminated in the manner testified to by both parties, by one partner selling his interest in the partnership property to the other, an action at law is the proper remedy for the recovery of the agreed consideration. A note given one partner on or after dissolution of a partnership, in consideration of a sale by the other partner of his interest in the partnership property, may be enforced in an action at law. Sutherland v. Groseclose, supra; 40 A.J. 467. There was no error in the instruction complained of and no error in refusing defendant's requested instructions.

The third and last proposition is that the trial court erred in admitting incompetent testimony, in permitting plaintiff to make proof concerning payment of intangible personal property tax. There was no error.

It is insisted that the court erred in permitting plaintiff to testify concerning alteration of the note sued upon. We fail to find in the record where plaintiff testified to any alteration of the note. Defendant points out no such testimony. Reference to the page in the record where defendant says the testimony complained of is· shown will disclose that plaintiff was testifying concerning a different note and that he did not testify that it had been altered.

Defendant asserts error of the court in rejecting evidence offered. This question does not appear to have been presented to the trial court in the motion for new trial. It is asserted that the court erred in refusing to admit in evidence defendant's Exhibit "A", which was a copy of the partnership agreement. The case-made, at pages 37 and 38, affirmatively shows that the instrument marked defendant's Exhibit "A", which was a copy of the partnership agreement, was admitted in evidence.

Our attention is called to the supersedeas bond and the motion for judgment thereon. Judgment on the supersedeas bond is granted as requested.

Judgment affirmed.

GIBSON, V. C. J., and BAYLESS, HURST, and ARNOLD, JJ., concur.