## BUCHANAN v. OKLAHOMA TAX COMMISSION.

No. 31674.   Jan. 16, 1945.

*154 P. 2d 977.*

Scarritt & Champlin, of Enid, for plaintiff in error.

E. L. Mitchell and A. L. Herr, both of Oklahoma City, for defendant in error.

RILEY, J.  This is an appeal from an order of the Oklahoma Tax Commission denying the claim of plaintiff in error for refund of income tax for the year 1937 and assessing additional income tax against him for the years 1938 and 1939.

Robert Buchanan died April 10, 1931,

a resident of the State of Arkansas, leaving a will which created a trust for the benefit of his surviving wife and five children. The trustee is the Texarkana National Bank of Texarkana, Tex. Appellant is one of the five children and, under the trust provisions of the will, was paid two-fifteenths of the income from the trust estate. Appellant is now, and has been since February, 1937, a resident of the State of Oklahoma and received from said trust in 1937 $3,343.86; in 1938, $4,062.87; and in 1939, $8,497.51. The contention of appellant is that that part of his income was not taxable in the State of Oklahoma. If he is right in his contention, he owed no additional tax for the years 1938 and 1939 and is entitled to the refund in the amount claimed.

The sole question is whether or not appellant, a resident of the State of Oklahoma, is required, under article 6, ch. 66, S.L. 1935, to pay income tax on money received as beneficiary under a nonresident. trust. It appears that substantially all of the corpus of the trust estate consisted of bonds and stocks, and that all of the income came from such bonds and stocks, none of which were secured by mortgages or liens upon real or tangible personal property located in the State of Oklahoma or any political subdivision thereof.

Almost the identical question was presented in Splane v. Oklahoma Tax Commission, 186 Okla. 463, 99 P. 2d 120. The only difference is that in the Splane Case the original trust was created by Splane's father in the State of Pennsylvania, to continue for a period of five years, and after that period expired, Splane continued or renewed the trust which provided that the trustee should own the legal title to certain properties and manage and control the same, remitting the net proceeds to the taxpayer. There, as here, the income was derived from stocks and bonds held by the trustee in Pennsylvania, upon which no tax had been paid in this state. Splane was a resident of the State of Oklahoma. Therein it was held:

"Section 5, article 6, chapter 66, S.L. 1935, 68 Okla. St. Ann. § 875, fixes within the state for income tax purposes the taxable situs of stocks in any corporation and obligations whether secured or unsecured, when owned by a resident, and the assignment of such stocks and bonds, in trust, retaining the net income therefrom does not relieve the taxpayer of liability for income taxes thereon."

Appellant seeks to distinguish the Splane Case and asserts that it has no application because the trust created by Splane, as it existed in 1935, was created by him while a resident of this state, while the trust here involved was created, not by appellant, but by his father, who was at the time of his death a nonresident of this state, and it is therefore a nonresident trust.

Much of appellant's brief is devoted to the question of how to determine the manner in which the Legislature intended to tax the income of trusts or estates. We are not here dealing with the taxation of the trust itself. Only that part of the income paid to appellant is involved.

Section 6, art. 6, ch. 66, S.L. 1935, levied a tax upon every person, as defined in section 4-b of said act, to be collected and paid, for each taxable year, upon and with respect to the net income of such person. Net income was defined by section 7 of the act (except as to insurance companies) as meaning the gross income less deductions allowed. Gross income was defined by section 8 of the act as meaning (except as otherwise provided in subsection c of said section, which did not apply to individuals) gains, profits, and income from various specific sources set out, and "also gains, profits, and income derived from any and all sources whatsoever," not including, however, income from eight different sources specifically set out, none of which include income of the nature here involved.

The deductions allowable were provided in section 9 of the act. Income to a resident of this state from a nonresident trust is not within any of the

allowable deductions. Under the rule stated in Splane v. Oklahoma Tax Commission, supra, the taxable situs of the stocks and bonds from which the income was derived was in the State of Oklahoma to the extent of the two-fifteenths equitable or beneficial title owned by appellant. His title to that two-fifteenths interest in the bonds was the same as the title to the stocks and bonds involved in the Splane Case. In the Splane Case it is said that the views therein expressed had some support in Maguire v. Trefry, 253 U.S. 12, 64 L. Ed. 739. Examination of that case will disclose facts substantially the same as in the instant case. There the trust was created by the taxpayer's father, a resident of Pennsylvania. The trustee in that state held the legal title to the stocks and bonds, all of the income from which was paid to the taxpayer, a resident of the State of Massachusetts. It was there held that the income paid to the beneficiary was taxable under the income tax laws of the State of Massachusetts. This holding was based upon the fact that although the legal title to the securities constituting the corpus of the trust estate was in the trustee in Pennsylvania, the equitable title or ownership was in the beneficiary, a resident of the State of Massachusetts.

Appellant cites, and to some extent relies upon, Safe Deposit & Trust Co. v. Commonwealth of Virginia, 280 U.S. 83, 50 S. Ct. 59. That case was fully considered in the Splane Case, supra, but it was held that under the express provisions of section 5 of the act, the income from the trust had a taxable situs in this state. The court therein said:

". . . had this income come to the resident taxpayer directly from his stocks and bonds without the intermediary of the trust here shown, the same would be clearly taxable."

Therefore, the recreation of the trust in that case does not differentiate the rule applicable.

It is clear that under the plain provisions of the income tax law then in force, the income of appellant from said trust was taxable in the State of Oklahoma for said years, and the order of the Tax Commission is affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.