**Kenneth W. DAVIS, Jr., Plaintiff in Error,**

v.

**OKLAHOMA TAX COMMISSION,
Defendant in Error.**

**No. 43267.**

Supreme Court of Oklahoma.

Sept. 14, 1971.

**1262**

James M. Sturdivant, and G. Douglas Fox of Gable, Gotwals, Hays, Rubin & Fox, Tulsa, for plaintiff in error.

Albert D. Lynn, E. J. Armstrong, Mike Tapp, E. B. Lee, Oklahoma City, for defendant in error.

DAVISON, Vice Chief Justice.

This is an appeal by Kenneth W. Davis, Jr. (taxpayer) from an order of the Oklahoma Tax Commission assessing taxpayer the sum of $17,359.04 for additional income taxes for the year 1964.

The question presented is whether or not taxpayer was obligated to pay income tax on the net capital gain contained in the cash proceeds of the liquidation, in Texas, of all of the assets of Dorris Ballew, Inc., (a Texas corporation) which was paid to taxpayer in proportion to the shares of stock owned by taxpayer in the corporation. Taxpayer contends that the stock he owned in Dorris Ballew, Inc., did not have a "business or commercial situs" in Oklahoma and therefore the gain from the disposition of the stock was not subject to Oklahoma income tax.

There appears to be no dispute regarding the circumstances. In 1946 taxpayer's father, Kenneth W. Davis, Sr., formed Dorris Ballew, Inc., and transferred to it oil properties in Louisiana in which a trust, of which taxpayer was a beneficiary, had an interest. The trust became the owner of 750 shares of stock in the corporation. The corporation was a Texas corporation, never domesticated in Oklahoma, and never owned any interests in Oklahoma, nor operated in Oklahoma. In 1960 the trust terminated and the stock was distributed to taxpayer free of trust. In 1963 the corporation, by a process of redemption, eliminated all shareholders other than taxpayer's family consisting of his parents, himself and his two brothers. Taxpayer thereby owned 23.43 per cent of the outstanding stock of Dorris Ballew, Inc.

Dorris Ballew, Inc., was one of a network of approximately 40 corporations, owned or controlled by taxpayer's family, which had their nucleus in 1928. By 1964 the corporations had world-wide operations. All of the corporations have been managed by Kendavis Industries International, Inc., which supervises the operations of all of the corporations, employs counsel, accountants and other professional persons who render services for all the corporations. Each corporation pays the management corporation a fee. The management corporation maintains its sole office in Ft. Worth, Texas, and its board of directors, and the board of directors of all the corporations, meet in Ft. Worth. The stock certificates owned by the Davis family have been kept in the vault at the offices of the management company.

In 1954 taxpayer moved to Tulsa, Oklahoma, and since then has been a resident of Oklahoma, working for a company that is managed by the management company. Taxpayer makes frequent trips to Ft. Worth, and in 1964 was there every month except May.

In 1964, the board of directors of Dorris Ballew, Inc., met in Ft. Worth and approved a plan of liquidation for the corporation. Taxpayer was a director and attended the meeting. The proceeds of the liquidation were paid in Texas to taxpayer proportionately to his stock ownership and were deposited by him in a bank in Texas.

Taxpayer did not pay any Oklahoma income tax on the capital gain arising from this transaction. The Oklahoma Tax Commission assessed additional income taxes based on this capital gain.

Title 68 O.S.1961, § 876 (now 68 O.S. Supp.1965, § 2304), provides in part that a tax is levied upon persons with respect to the net income of such persons, which is derived from "all property owned and/or business transacted within this State."

The portions of other statutes involved and to be considered are:

Title 68 O.S.1961, § 875 (now 68 O.S. Supp.1965, § 2303), as follows:

"(a) The term 'property owned' includes, and a taxable situs within this State is hereby declared to exist with respect to the following:

(1) When owned by a resident:

(A) All unsecured obligations (or other evidence of debt);

\* \* \* \* \* \*

"(C) All stocks of any corporation, including insurance companies, surety and bond companies, national banking associations, state banks, and trust companies, and obligations of any State or municipal or political subdivision thereof."

Title 68 O.S.1961, § 878 (now 68 O.S. Supp.1965, § 2306), as follows:

"The term 'gross income,' except as otherwise provided in subsection (c) of this Section,

(a) Includes \* \* \* also gains or profits and income derived from any source whatever;

\* \* \* \* \* \*

"(e) Items of the following nature shall be allocated as indicated:

\* \* \* \* \* \*

"(2) Income from intangible personal property, such as interest, dividends, patent or copyright royalties, and gains or losses from sales of such property, shall be allocated in accordance with the domiciliary situs of the taxpayer, except that

"(3) Income from property, such as described in paragraph 2 of this subsection, which has acquired a business or commercial situs apart from the domicile of the taxpayer shall be allocated in accordance with such business or commercial situs; \* \* \*"

■ Taxpayer admits the general rule that the situs of intangible property for the purposes of taxation is at the owner's domicile. We so held in Grieves v. State ex rel. County Attorney, 168 Okl. 642, 35 P.2d 454, prior to adoption of the statutes preceding the above statute, 878(e) (2).

■ There is no question that a state has constitutional power to tax its own residents on their net incomes though derived wholly from activities carried on by them outside of the state. Colchensky v. Oklahoma Tax Commission, 184 Okl. 207, 86 P.2d 329.

Also, we have held that under the provisions of 878(a), supra, the income received by an Oklahoma resident from bonds and stocks, held by a Texas bank as trustee under a testamentary trust created by an Arkansas resident for the benefit of persons, including the Oklahoma resident, was taxable in Oklahoma. Buchanan v. Tax Commission, 195 Okl. 43, 154 P.2d 977.

Under these authorities it is clear that the capital gain income of taxpayer was subject to Oklahoma income tax unless the circumstances were such that the income fell within the exception stated in § 878(e) (3). The question is, did taxpayer's stock (intangible personal property) in Dorris Ballew, Inc., acquire a business or commercial situs in Texas apart from the taxpayer's domicile in Oklahoma? Taxpayer contends that it did acquire such a foreign situs. His argument is that under the facts the stock was localized in an independent business and investment away

from his Oklahoma residence, that the stock arose out of and was devoted to taxpayer's business operations in Texas, and that the business operations involved the establishment of a regular place of business and the maintenance of a regular agency in the form of the management company.

It appears that this exact situation and contention has not been previously presented to this court. The question of whether intangible personal property has acquired a business situs in Oklahoma or in another state has been considered in cases involving power to collect an intangible tax. Our discussion therein on the subject of business situs is applicable herein.

In Thompson v. Bankers Investment Company, Okl., 288 P.2d 364, we said that no single concise rule with general application has been laid down to determine the business situs of intangible property, and that the conclusion as to the business situs of such intangibles must be drawn from a consideration of the material facts of each individual case.

 We have used the rule that in order to constitute a business situs where intangible property is taxable, other than the owner's domicile, it must be shown that possession and control of the property has been localized in some independent business or investment away from the owner's domicile so that its substantial use and value attaches to and becomes an asset of the outside business, and that in order to establish a "commercial domicile" and to give a business situs, for purposes of taxation, to intangibles which are used in the business or are incidental to it, they must become integral parts of some local business. In re Harris, Upham & Co., 194 Okl. 155, 148 P.2d 191. See too Groseclose v. Sutherland, 194 Okl. 479, 153 P.2d 479, and Glen v. Buck, Okl., 272 P.2d 573.

 The circumstances in the present case do not satisfy the above requirements. We fail to see how the taxpayer exists or remains as other than a single unit in his management and utilization of his shares

of stock. It is true that the stock is stored in the vault of the management company in Ft. Worth, Texas, but this is for the benefit of taxpayer, and the control remains in the taxpayer and may be exercised by him wherever he may be. The stock is not localized in an independent business in Texas away from the taxpayer's Oklahoma domicile. There is no "outside" business to which the stock's substantial use and value primarily attaches. It appears to us that the taxpayer is confusing his position as a stockholder in Dorris Ballew, Inc., with the role and activities of the management company, for it is that concern that furnished management to Dorris Ballew, Inc., and not to the taxpayer. Certainly taxpayer's stock was not used and did not become an asset of the management company.

It is our conclusion that the stock did not have a business or commercial situs in Texas and that the income tax was properly assessed against the taxpayer in Oklahoma, the domicile of taxpayer.

Affirmed.

All Justices concur.